340 So.2d 397 (1976)
Linda Carol SIMS, Plaintiff and Defendant in Reconvention, Appellee,
v.
Harold Allen SIMS, Defendant and Plaintiff in Reconvention, Appellant.
No. 13075.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
James L. Fortson, Jr., Shreveport, for Harold Allen Sims.
*398 Colvin, Hunter, Brown & Plummer by D. Scott Brown, Mansfield, for Linda Carol Sims.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Dr. Harold A. Sims sued to increase the visitation privileges granted him with his 5½ year old son, Hal, who is in the custody of his mother, a resident of Mansfield, Louisiana. The judgment sought to be modified was rendered February 20, 1975, and basically permitted visitation by Dr. Sims every other weekend and every other Christmas out of the presence of the child's mother, provided, however, Dr. Sims could not take the child out of the state.
Subsequent to the judgment here sought to be modified, Dr. Sims has remarried, adopted his wife's small child, and they have a baby of their own. He has completed his residency requirements in Nashville, Tennessee, and established his own pediatric practice in Bristol, Tennessee, where he resides in a new home with his wife and 2 children. These circumstances create a stable home environment.
Dr. Sims now seeks the privilege of having his son visit with him in his home in Tennessee from July 1 through August 15 each year and on every other Christmas and Thanksgiving holiday for the duration of the school vacation. The trial judge modified the visitation judgment to the extent of giving Dr. Sims the option of having Hal with him one week every two months in lieu of every other weekend, but otherwise rejected his request for more liberal visitation privileges. We reverse and modify the decision of the trial court.
In Litton v. Litton, 299 So.2d 458 (La. App., 2d Cir. 1974) the court set forth the rules with regard to custody and visitation rights:
"The next issue for consideration is whether the visitation rights of Mr. Litton as fixed by the trial court constitute divided custody or authority. The court in Ogden v. Ogden, 220 So.2d 241 (La. App. 1st Cir. 1969) stated the following relevant rules in regard to custody:
"It is settled law that in the event of divorce or separation of parents with the consequent awarding of custody of children of the marriage to one parent, the other parent has the right of access to the children. This privilege of access to subject to such reasonable restrictions as the circumstances warrant within the discretion of the court. Said privilege may not be denied unless the parent has forfeited same by his conduct or the exercise thereof be injurious to the children's welfare. Johnson v. Johnson, 214 La. 912, 39 So.2d 340.
"Equally well established is the rule that in cases of this nature the paramount issue is the welfare of the children concerned, which consideration dictates that the control of the spouse granted custody be an undivided authority. Consequently visitation privileges accorded the spouse not having custody should never be so extensive or liberal as to constitute a divided authority or shared control of the children concerned.
"As aptly observed by the Supreme Court in Newson v. Newson, 176 La. 694, 146 So. 472, custody should be given to one spouse, not alternatively to each inasmuch as the latter situation is not conducive to a child's welfare but rather is likely to prove injurious to a child's future well being.'" Id. p. 463
There the trial court's award of visitation to a father of every other weekend and on Christmas and Thanksgiving every other year and four weeks of the summer vacation was reduced on appeal to one weekend each month, two weeks in the summer and Christmas every other year to avoid a divided custody award. Also see Cook v. Wingo, 281 So.2d 867 (La.App., 3d Cir. 1973).
The child in this case, 5½ year old Hal, seems to be in every respect a fine, healthy, well-adjusted child. He is much loved by his mother and she provides excellent care for him including preschool training and church activities, as well as occasional visits *399 with both maternal and paternal grandparents.
Dr. Sims has always shown the highest possible interest in the welfare of his son. He has made satisfactory monthly contributions towards his support without being required to do so by the court. He has always exercised his visitation privileges to the maximum amount possible considering the limitations imposed by his educational requirements and the distance between his place of study and his son's home. The father and son enjoy an excellent relationship.
Dr. Sims offered the testimony of a child psychiatrist who examined and evaluated his son, and found the boy normal and average, fine and splendid in every respect with the single exception he felt the child needed more "male input", i. e., the small boy needed more association with adult males in order to adequately understand his relationship with men. The psychiatrist felt that a failure to provide this need could cause psychiatric problems in the future. The child has practically no opportunity to have male companionship other than that provided by his father and occasional visits with his grandfathers.
The mother objects to the father taking the child out of the state because she feels there is a possibility he will not return him at the end of the visit. There is absolutely no justification for her fear as the father has always complied with the provisions of the visitation judgment. There is not the slightest indication he has anything but the utmost respect for the orders of the court with regard to visitation privileges obtained by him and the manner in which he is required to exercise same. He has always returned the child home at the appointed time. The father testified he had every intention of complying with the court's visitation privileges whatever they may be.
The trial judge properly recognized the extensive time period involved in Dr. Sims' requests for visitation privileges would constitute divided custody which is prohibited in our law as not being in the best interest of the child. The trial judge has actually awarded the father an option of one week visitation every two months amounting to six full weeks or forty-two days each year, plus two days every other Christmas. Such reduced visitation privileges avoid the prohibition of divided custody. There now remains only the issue of the correctness of the trial court finding that it is detrimental for the child's welfare to visit his father in Tennessee. In this finding we believe the trial court abused its discretion.
The father has a right to visit with his son as he has been guilty of no conduct whatsoever to forfeit that right. The lower court's requirement that all visitation between the father and son take place in Louisiana while the father's home is in Tennessee is unrealistic. Visitation conducted in a mote or in the home of a Louisiana relative or friend does not allow the father and son an apportunity to enjoy their relationship with each other in the more desirable environment surrounding Dr. Sims' own home and community where he works and lives. The establishment of a long time relationship between Dr. Sims and his son cannot possibly be attained to the same extent in Louisiana as it could if some limited visitation were permitted in Dr. Sims' own home and surroundings in Tennessee.
There is no reason offered why it would be detrimental to the child to make the trip to Tennessee, in light of his father's testimony that he would make these trips with his son.
Since Hal now attends school during the week, we feel the trial court award of one week every other month would be detrimental to Hal's academic progress and is no longer appropriate. For the reasons herein expressed we modify and extend the visitation privileges awarded by the trial court as follows:
(1) 8:00 A.M. July 1 until 5:00 P.M. July 12;
(2) 8:00 A.M. December 23 until 5:00 P.M. December 26, every other Christmas;

*400 (3) On those years when Dr. Sims does not have the child on Christmas he shall have the child from 8 A.M. on the day before Thanksgiving until 6 P.M. of the Saturday following Thanksgiving;
(4) The third weekend each month, commencing at 5:00 P.M. on Friday and ending at 5:00 P.M. on Sunday, exclusive, however, of those months wherein he has visitation privileges with his son as provided in (1), (2) and (3) above.
The visitation privileges provided in (1), (2), and (3), may be exercised by Dr. Sims outside the State of Louisiana. Those privileges provided for in paragraph (4) must be exercised within the State of Louisiana.
We further require Dr. Sims to follow his testified intent always to be in his son's direct company while Hal is traveling for visitation.
Dr. Sims is assessed for all costs of this appeal.