GUIDRY, Judge.
This is an appeal from a judgment on a rule for reduction of child support and for reasonable visitation privileges.
On June 3,1982, Henrietta Lee Boles Cox filed a petition against Darrell Dean Cox to make past due child support executory, for attorney’s fees and for contempt of court. Mr. Cox reconvened with a rule for reduction of child support and reasonable visitation privileges. Mrs. Cox’s rule was heard on June 23,1982, and judgment on this rule was signed on June 25, 1982. It has not been appealed and is final. Mr. Cox’s rule for reduction of child support and reasona *1248 ble visitation privileges was heard separately on June 29,1982, with Mr. Cox appearing in proper person. Judgment was rendered that same day in favor of Henrietta Cox and against Darrell Cox denying a reduction in child support and in favor of Darrell Cox and against Henrietta Cox granting additional visitation privileges. Darrell Cox appeals devolutively from this latter judgment. Mrs. Cox has neither appealed nor answered this appeal.
This appeal presents the following issues:
(1) Are the restrictions placed on the father’s visitation privileges unduly burdensome? and,
(2) Did the trial judge err in failing to find a change in the father’s financial situation such as to require a reduction in child support?
The parties were divorced on December 12,1979. The court awarded custody of the minor children, Shannon Layne Cox and Jason Bannon Cox, aged 11 and 7 years respectively, to Mrs. Cox, subject to the reasonable visitation rights of Mr. Cox. The court further awarded $320.00 per month plus all medical, dental and pharmaceutical expenses for support of the two children.
Since the divorce, these parties have been before the trial court on a motion for change of custody, two demands for limited visitation rights and increase in support, three orders of contempt for failure to pay support and two rules for reduction in support and reasonable visitation rights.
The judgment fixing child support and visitation rights which Mr. Cox now seeks to have modified was rendered on October 9, 1981. In that judgment, child support was increased from $320.00 per month to $400.00 per month, plus medical, dental and pharmaceutical expenses. Mr. Cox’s visitation rights were restricted in that judgment by agreement and are set out below:

“On the first and third weekend of each calendar month from Friday at 5:00 o’clock P.M. until Sunday at 6:00 o’clock P.M. On the odd numbered years, one week at Christmas to include Christmas Day. On the even numbered years, one week at Thanksgiving to include Thanksgiving Day.

The above mentioned weekend and holiday-visitation privileges are to be exercised by Darrell Dean Cox with the minor children in the Cox family home in Monroe, Louisiana. An alternate site for the aforesaid supervised visitation privileges shall be the home of Mrs. Rita Drouin St. Romain, Marksvile, (sic) Louisiana; however, the aforesaid supervised visitation privileges shall be exercised at the alternate site only once every two months.

None of the above mentioned supervised visitation privileges shall interefere (sic) with the children’s school schedules.’’

The record does not reflect why these restrictions were imposed.
In the judgment appealed from rendered June 29, 1982, reduction of child support was denied and visitation rights were fixed as follows:

“On the first and third weekend of each calendar month from Friday at 5:00 P.M. until Sunday at 5:00 o’clock P.M.

On the odd numbered years, one week at Thanksgiving to include Thanksgiving Day and one week at Easter to include Easter Day. On the even numbered years, one week 4th of July to include the 4th of July and one week at Christmas to include Christmas Day.

The aforesiad (sic) holiday visitation periods shall commence on the Sunday immediately preceding the holiday at 10:00 o’clock A.M. and shall terminate the following Saturday at 5:00 o’clock P.M.

In addition to the above mentioned weekend and holiday visitation privileges, Darrell Dean Cox is granted two consecutive weeks summer visitation privileges with the minor children.

The paternal grandparents may exercise the above set forth visitations privileges in the place instead of Darrel (sic) Dean Cox.

Should the father or paternal grandparents fail to pick up the minor children within one (1) hour of the commencement of a visitation period, visitation privileges 
*1249
for that particular weekend shall be deemed forfeited.

None of the above mentioned visitation privileges shall be exercised by Darrell Dean Cox or the paternal grandparents with the minor children outside of the State of Louisiana.

None of the above mentioned visitation privileges shall interfere with the children’s school schedule.

Darrell Dean Cox is further granted special visitation privileges with the minor children at all other times upon which the parties may agree.”

THE ISSUE OF VISITATION
With regard to the visitation privileges allowed by the judgment of June 29, 1982, Mr. Cox complains only of the restriction limiting his visitation rights to a site within the State of Louisiana. He contends that this restriction is unnecessary and unduly burdensome.
In Pate v. Pate, 348 So.2d 1338 (La.App. 3d Cir.1977), at 1339, our court stated:
“When the parents of the minor child are separated or divorced and the custody of the child has been awarded to one parent, the other has the right to see and visit with the child at reasonable times, unless that right has been forfeited by the parent who claims it, or unless the exercise of that privilege would injuriously affect the child. The paramount consideration in determining the specific visitation privileges which should be granted in any case is the welfare of the child.... Much discretion is vested in the trial court in determining the times when and the conditions under which a parent may have access to his child, and the decision of the trial judge as to the visitation privileges will not be disturbed unless there has been an abuse of discretion.” (citations omitted)
In his brief, counsel for Mrs. Cox argues that there are compelling reasons for restricting Mr. Cox’s visitation rights to within the State of Louisiana, relying on evidence that Mr. Cox has a criminal record and that on one occasion he allowed his minor daughter to drink a beer.[1] Mr. Cox’s criminal record consists of three convictions for misdemeanors. Two of the convictions occurred prior to the judgment of divorce (one in 1968, the other in 1975), in which Mr. Cox was granted reasonable geographically unrestricted visitation rights. The third is a 1982 conviction for criminal trespass, arising out of an incident where Mr. Cox attempted to deliver a birthday present to his son.
The criminal record, and the fact that Mr. Cox allowed his daughter to drink a beer, is of more probative value in considering whether supervised visitation rights should continue, rather than whether geographical restrictions are required.
Mrs. Cox offers no other reason why Mr. Cox’s visitation rights should be geographically restricted to the State of Louisiana, and we find no facts in the record which would support such a restriction by the trial judge.
In modifying the award of visitation rights as previously fixed, the trial judge substantially increased Mr. Cox’s privileges. He eliminated the requirement of supervised visitation and extended the time period to include additional holidays. The trial judge did not favor us with reasons for judgment but he must have concluded that the children’s best interest no longer required supervised visitation. He, nonetheless, required that the exercise of all visitation rights take place within the State of Louisiana. We observe that under the present award, while visitation in a motel in Vidalia, Louisiana, is permitted, visitation in Mr. Cox’s home in Natchez, Mississippi, directly across the river, is not.
At the hearing on the rule, Mr. Cox testified as follows: On October 9,1981, he was *1250 in the restaurant business with his brother in Jackson, Mississippi. Since that time, the business closed and he went to work for his brother as a manager of a nightclub in Natchez, Mississippi. His income since October of 1981 has been reduced from $800.00 to $600.00 per month. He stated that this is due to the fact that his job requires him to work on weekends and that he is unable to work the first and third weekend of each month because he chooses to exercise the visitation rights given to him by the court, which are geographically restricted to Louisiana. It is therefore necessary for his brother to hire a replacement on those weekends and reduce his salary. He testified further that exercising the visitation rights as set forth by the court caused not only a decrease in his income but also an increase in the costs of these visits since he is required to incur expenses for meals and accommodations outside of his home.
The record reflects that Mr. Cox remarried in the year 1980. After leaving Jackson, Mr. Cox and his wife established their home in Natchez, Mississippi. There is nothing in the record to indicate that Mr. Cox’s home in Natchez does not provide a clean and wholesome environment for the children. Mr. Cox has never refused or neglected to return the children after his scheduled visits. On the other hand, the record does reveal that such a restriction affects the ability of Mr. Cox to make his child support payments and therefore, the economic welfare of the children.
We find the case of Sims v. Sims, 340 So.2d 397 (La.App. 2nd Cir.1976) to be factually similar to the case at bar. There our brethren of the Second Circuit refused to follow the trial judge’s decision to limit the father’s visitation rights to within the State of Louisiana, stating:
“The father has a right to visit with his son as he has been guilty of no conduct whatsoever to forfeit that right. The lower court’s requirement that all visitation between the father and son take place in Louisiana while the father’s home is in Tennessee is unrealistic. Visitation conducted in a motel or in the home of a Louisiana relative or friend does not allow the father and son an opportunity to enjoy their relationship with each other in the more desirable environment surrounding Dr. Sims’ own home and community where he works and lives. The establishment of a long time relationship between Dr. Sims and his son cannot possibly be attained to the same extent in Louisiana as it could if some limited visitation were permitted in Dr. Sims’ own home and surroundings in Tennessee.”
We agree with the cogent reasoning of the Sims case and conclude that the best interest of the children dictate that Mr. Cox be allowed to exercise his visitation privileges at his home in Natchez, Mississippi.
THE ISSUE OF CHILD SUPPORT
The trial judge denied a reduction in the $400.00 per month child support award without reasons for judgment. Mr. Cox relies solely on the reduction in his income from $800.00 to $600.00 per month as the substantial change of circumstances sufficient to justify a reduction of his present child support payments. However, since Mr. Cox directly attributes his reduction in income to the necessity of his having to exercise his visitation privileges away from home, we consider this request to be moot in light of our decision to allow him visitation privileges at his home in Mississippi.
For the reasons herein expressed, we amend the judgment rendered by deleting from the visitation privileges granted, the section which provides that none of the above mentioned visitation privileges shall be exercised by Darrell Dean Cox or the paternal grandparents with the minor children outside of the State of Louisiana. As thus amended, the judgment is affirmed. Costs of this appeal are to be borne one-half (V2) by Mr. Cox and one-half (V2) by Mrs. Cox.
AMENDED AND AFFIRMED.

. Mrs. Cox also relies on her own allegations that Mr. Cox attempted sexual relations with his daughter, and that while the children were in the home of a friend of Mr. Cox and under his supervision, marijuana was used. The record is void of admissible evidence supporting these allegations.