WILLIAMS, Judge.
This is an appeal by Gerald Heausler from a trial court judgment denying his motion for joint custody of his three children. The judgment also set visitation rights for Mr. Heausler on alternate weekends and for three consecutive weeks during the summer.
The Heauslers were married in 1971 and had three children. At the time of the joint custody hearing, Jennifer was 9V2 years old, Melissa was 8V2 years old, and John was 6 years old. The Heauslers first separated in 1978, at which time Mrs. Heausler was granted sole, temporary custody. In 1981 a final judgment of divorce was rendered. Mrs. Heausler received sole permanent custody of the children. Mr. Heausler was awarded visitation rights every other weekend, from Saturday at 10 a.m. until Sunday at 6 p.m. Additionally, the husband had two weeks visitation during the summer.
On April 12, 1983, Mr. Heausler filed a rule seeking joint custody of the minor children pursuant to Civil Code article 146. Mr. Heausler’s proposal included a split year custody plan with the parent not having custody allowed visitation every other weekend. The husband’s plan also included arrangements for holidays and birthdays. Mrs. Heausler filed an objection to the rule for joint custody and a rule to restrict Mr. Heausler’s visitation privileges.
■ After a joint custody hearing, the court, unable to make a final decision, ordered a psychiatric evaluation of the entire family.
Following the evaluation there was a second hearing at which the court appointed psychiatrist, Dr. Robert Barnes, testified as to his findings. Basically, Dr. Barnes found that while both parents have difficulties, neither is an unfit parent. He indicated that many of Mrs. Heausler’s accusations leveled against her ex-husband are without basis and found that she harbors a great deal of resentment against him, a resentment which is clearly poisoning the children’s minds. Additionally, Dr. Barnes’s findings indicate that Mrs. Heaus-ler’s activity is “harmful to the children’s attempt to have a healthy relationship with both parents” and that it is likely to have detrimental long-term effects on them.
After hearing the testimony of Dr. Barnes and Mr. Heausler, the trial judge asked Mrs. Heausler to submit a custody plan as prescribed by La.Civ.Code Ann. art. 146. Mrs. Heausler’s submitted plan called for sole custody to Mrs. Heausler without change to the original visitation order rendered in 1981. After reviewing the submitted plans and evaluating the testimony presented at the hearings, the judge found that joint custody would not be in the best interest of the children and granted sole custody to the mother. The visitation was modified awarding Mr. Heausler visitation rights on alternate weekends from Saturday at 10:00 a.m. until Sunday at 6:00 p.m., and “at least three weeks in the summer time for a consecutive period of time.”
We feel that cooperation and communication are vital to successful joint custody arrangements. We have neither cooperation nor communication in this case, and agree with the trial court that joint custody would not be in the best interest of the children. Nevertheless, we do find that it would be in the best interest of the children to increase the visitation awarded Mr. Heausler in an effort to counteract the detrimental effects that Mrs. Heausler may *795 have on the children’s perception of their father, and to help foster a healthier relationship between the Heausler children and Mr. Heausler. In order to achieve these goals we feel that Mr. Heausler’s summer visitation should be increased from three consecutive weeks to six weeks. These six weeks may be consecutive or divided into increments of not less than three consecutive weeks. We feel that the parents should be able to work out the vacation arrangements in light of their own plans and the children’s special needs.
In order to avoid any problem with the children’s participation in Saturday morning school, club, or church activities, Mr. Heausler’s weekend visitation will remain on alternate weekends, but will begin -at 6:00 p.m. on Friday evening and end at 6:00 p.m. on Sunday. Furthermore, arrangements should be made to give Mr. Heausler a schedule of the children’s weekend activities, i.e. scouting, dance classes, church activities, etc., in order to assure their presence at these functions.
The trial court’s judgment does not account for visitation on holidays or special days. We modify the trial court’s plan in order to give Mr. Heausler visitation on alternating holidays each year: Christmas, Thanksgiving, Easter and Mardi Gras.[1] Mr. Heausler will have visitation beginning at 6:00 p.m. on the holiday eve until 2:00 p.m. on the holiday, subject to any mutually agreeable modification. On his birthday Mr. Heausler will have visitation from 5:00 p.m. until 9:00 p.m. should his birthday fall on a school day, and from 9:00 a.m. until 9:00 p.m. should it fall on a non-visitation weekend. On the children’s birthdays, Mr. Heausler will be allowed visitation from 5:00 p.m. to 9:00 p.m. every other birthday, again subject to mutually agreeable modifications. In all other respects we affirm the trial court’s order.
AFFIRMED AS AMENDED.

. This visitation schedule will go into effect immediately, giving Mr. Heausler visitation for Easter, 1985. According to this plan, Mr. Heausler will also have visitation rights Christmas, 1985. In 1986, he will have visitation rights for Mardi Gras and Thanksgiving.