487 So.2d 180 (1986)
Cindy TILL, Plaintiff-Appellee,
v.
DELTA SCHOOL OF COMMERCE, INC., Defendant-Appellant.
No. 85-185.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1986.
*181 Richard E. Starling, Jr., and David P. Smith, of Percy, Smith Etc., Alexandria, for defendant-appellant.
Eugene P. Cicardo, Jr., Alexandria, for plaintiff-appellee.
Before STOKER, DOUCET and FALKENHEINER[*], JJ.
DOUCET, Judge.
This appeal arises from a suit for breach of contract brought by Cindy Till against Delta School of Commerce.
The dispute before the court is basically factual. Ms. Till alleges that she was induced to enroll in Delta School of Commerce by representations that at the end of eighteen months, she would receive an associate degree in Accounting equivalent to a two-year associate degree from a college or university and transferable as such to any college or university. Delta School of Commerce denies that any such representation was made.
In August 1985, Cindy Till met with Mr. Steven McCray, Admissions Representative of Delta School of Commerce. At trial, Ms. Till testified that she was led to believe she would receive an associate degree in Accounting transferable to a college for two years credit. Mr. McCray denied that he discussed the Accounting program with Ms. Till at all. Two of Ms. Till's classmates, *182 Timmie Bernard and Tim Bordelon, testified that their understanding of the program agreed with hers. A $100.00 deposit was paid and Ms. Till was enrolled in the General Secretarial program rather than the Accounting program, as the result of a clerical error, according to her. She was issued Accounting books at the start of the year, but her records were not changed to reflect an Accounting major until November.
Ms. Till paid tuition in the amount of $3,949.00. She borrowed $2,500.00 in the form of a student loan. She received $1,800 from a Pell grant which was paid directly to the school. The balance remaining after the tuition was paid was refunded to her.
In February, Ms. Till again spoke to Mr. McCray and he told her that transfer of credits to other schools or universities was at the option of the transferee school and that she would receive an associate degree in Occupational Studies, not in Accounting. Mr. McCray told her that if she dropped out, then she would receive a refund. Ms. Till decided to continue her studies. In April she was dismissed from the school, allegedly for excessive tardiness and attitude problems. Ms. Till filed this suit to recover damages for breach of contract as a result of the school's failure to provide a program leading to an associate degree in Accounting transferable for two years credit at a four-year college or university. The trial court found in Ms. Till's favor and rendered judgment against Delta School of Commerce in the full amount of tuition paid: $3,949.00.
In oral reasons for judgment, the trial judge stated that: "The evidence in the case is clear to me that Mrs. Till thought she was and was led to believe that she was getting one type of degree and in fact she was not ... and in fact she did not receive that degree."
It is clear that in reaching this determination, the trial judge apparently relied on the testimony of Ms. Till and her fellow students. As has been repeatedly stated by the courts of this state where there is conflicting testimony, a reviewing court must give great weight to the factual conclusions of the trier of fact. Reasonable credibility evaluations and reasonable inferences of fact should not be disturbed. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Our review of the record convinces us that a reasonable factual basis exists for the trial court's finding that Ms. Till was not furnished the educational opportunity which led her to enroll at the defendant school. Whether she enrolled expecting an Accounting or Secretarial degree, she could not have anticipated a degree in Occupational Studies, which was not even listed in the school's catalog at the time she enrolled.
In addition, we find the defendant's allegation that the plaintiff failed in her duty to mitigate damages to be without basis. Had the plaintiff dropped out of school in January, when she realized the school could not give her the degree she had been led to expect, the defendant would have been equally liable for breach of contract and would have owed Ms. Till the full amount of tuition paid. Ms. Till's damage was not increased by staying in school and could not be mitigated by dropping out. She is owed the return of her tuition, regardless of the point at which she finally left school.
The defendant seeks payment on a quantum meruit basis. The burden is on the party seeking quantum meruit to show the value of the services rendered. Dalgarn v. New Orleans Land Co., 162 La. 891, 111 So. 271 (1927). The defendant did not carry this burden. No evidence was introduced as to the value of that which the plaintiff received. Defendant introduced evidence only as to its customary tuition for the 18-month program. Accordingly, no award can be made.
The defendant also seeks a reduction of the award of damages in the amount of the Pell grant received by the plaintiff. However, our reading of 34 *183 C.F.R. 690, et seq., which governs Pell grants, convinces us that a Pell grant is an award to the student, not to the institution. Therefore, Ms. Till was correctly awarded the amount. However, we warn Ms. Till that she may owe a refund of the grant to the Secretary of Education under the provisions of 34 C.F.R. 690.98.
We agree with the trial judge that no evidence was introduced as to interest on the student loan taken out by the plaintiff. As a result, no award for interest on that loan was appropriate.
Accordingly, the judgment of the trial court is affirmed. Costs of this proceeding are assessed against the defendant.
AFFIRMED.
NOTES
[*] Honorable W.C. FALKENHEINER, Judge Ad Hoc.