KNOLL, Judge.
Isaac David Hanks appeals the judgment of the trial court which rescinded provisions of a prior decree which restricted the child visitation granted Bonnie Rita Hanks to times when her husband, Russell Faulk-inberry, was not present. The trial court ruled that Mrs. Hanks’ two older children could choose visitation with their mother with or without the presence of the stepfather, and that the visitation of the youngest child could be with the presence of the stepfather.
Mr. Hanks appeals, contending the trial court erred: 1) in refusing to terminate Mrs. Hanks’ visitation privileges; 2) alternatively, in refusing to impose restrictions on Mrs. Hanks’ visitation which would exclude Mr. Faulkinberry during visitation; and, 3) in establishing separate visitation orders for the children. We affirm.
*33 FACTS
This is the Hanks’ second appeal to this court relating to child custody. See Hanks v. Hanks, 458 So.2d 617 (La.App. 3rd Cir.1984). In our earlier opinion we affirmed the trial court’s award of permanent custody to Mr. Hanks of the four minor children, Isaac Louis, Robert Allen, Cherami Lyn, and Mitchell Joseph, subject to Mrs. Hanks’ visitation rights.
Subsequently, on July 15, 1985, the trial court, upon Mr. Hanks’ motion to terminate Mrs. Hanks’ visitation rights, modified visitation rights to exclude Mr. Faulkinberry’s presence during visitation for a six month period. The trial court’s ruling was based on psychological testing of the children. The rule was precipitated by an episode in which Mrs. Hanks told Robert and Chera-mie that their real father was Mr. Faulkin-berry.
After the expiration of the six months, Mrs. Hanks filed a rule nisi seeking to remove the restrictions on her visitation rights. Based on further psychological testing, the trial court ordered the removal of the visitation restrictions, provided Robert and Cheramie, ages 15 and 14 respectively, have the right to choose when to visit their mother, with or without the presence of Mr. Faulkinberry, with a minimum requirement of four days visits per month. The youngest child, Mitchell, 8 years of age, visits with Mrs. Hanks every other weekend with Mr. Faulkinberry included in the visitation.
TERMINATION OF CHILD VISITATION PRIVILEGES
Mr. Hanks contends that the trial court should have terminated Mrs. Hanks’ child visitation privileges.
LSA-C.C.P. Art. 3943 provides:
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942 [30 days]. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
Louisiana jurisprudence holds that the term “custody” as used in C.C.P. Art. 3943 includes visitation privileges, and an appeal from a judgment concerning visitation privileges must be perfected within thirty days. LeBlane v. LeBlanc, 404 So.2d 530 (La.App. 4th Cir.1981).
In the case sub judice the judgment concerning the termination of Mrs. Hanks’ visitation privileges was rendered on August 28, 1985. Mr. Hanks did not perfect an appeal from this judgment. This issue was not included in Mrs. Hanks’ rule which was filed eleven months later to rescind the visitation restrictions placed on July 15, 1985. Clearly, Mr. Hanks’ contention is not properly before us, therefore, we will not address this issue.
LIFTING OF RESTRICTIONS
Mr. Hanks contends the trial court erred in making it optional for Cheramie and Robert to visit their mother in the presence of Mr. Faulkinberry, and in completely rescinding the restriction as to Mitchell’s visitation in his presence.
In child custody matters the issue before the court is what is in the best interest of the children. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). Upon appellate review, the trial court’s determination in child custody cases is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made. Stephenson v. Stephenson, 404 So.2d 963 (La.1981).
The two psychologists, Drs. Glenn Ally and Tommy Stigall, testified, and substantially agreed that the best interest of Mitchell would best be served if the visitation restriction excluding Mr. Faulkinberry was removed. The only significant deviation in their opinions was Dr. Stigall’s conclusion that Mitchell should be re-evaluated in the future to determine what effects might result from Mr. Faulkinberry’s presence during visitation with Mrs. Hanks.
With regard to the older children, Chera-mie and Bobby, the psychologists again substantially agreed in their recommendations. Both psychologists utilized the fact that Mr. Faulkinberry’s employment required his absence during the week. Dr. *34 Ally proposed a visitation plan whereby the two older teenagers could decide whether to visit their mother during the week when Mr. Faulkinberry was not home, or during the weekend when he would be present. Dr. Stigall opined that it was not in these children’s best interest to require them to visit their mother when Mr. Faulkinberry was present. He further testified that the older children should have some latitude in self-determination in deciding whether visitation would be exercised with Mr. Faulkin-berry present.
We have carefully scrutinized the testimony of the children, the parents, the stepfather and the medical experts, and conclude that the trial court did not abuse its discretion when it modified the children’s visitation plan. The record shows that the trial court clearly relied upon the best interests of the children in making its determination. Its visitation plan comports with that standard and the medical expert’s recommendations.
SEPARATE VISITATION ARRANGEMENTS
Mr. Hanks next contends that the trial court erred in issuing separate visitation orders for the children. He argues that the two older children testified that they did not want to be separated from their younger brother during visitation.
In Wallace v. Wallace, 420 So.2d 1326, at 1328 (La.App. 3rd Cir.1982), a case involving the separation of the custody of children with one child being placed in the custody of the father and the other with the mother, we stated, “The separation of children of a family though sometimes necessary, is a custodial disposition which courts seek to avoid.” Even under those circumstances, we upheld the trial court’s award of split custody because such disposition was in the best interest of the children.
In the case sub judice the only separation of the children occurs when Mitchell visits Mrs. Hanks on alternate weekends. For the remainder of the time all three children are with Mr. Hanks. In light of the flexibility of visitation the trial court wanted to give the older children, we cannot say that the trial court abused its great discretion in separating the youngest child for visitation purposes with Mrs. Hanks.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Isaac David Hanks.
AFFIRMED.