DOMENGEAUX, Judge.
The plaintiff, Lula Mae Suire appeals the District Court judgment partitioning the former community property which had existed between her and her former spouse, the defendant, Clayton J. Suire.
The plaintiff and the defendant were judicially separated on April 22, 1983, and divorced on February 2,1984. The community was dissolved retroactively to January 12, 1983, the date of the filing of the petition for separation. In order to partition the community property, each party filed a sworn descriptive list with the location and fair market value of each former community asset as of the date of dissolution of the community, pursuant to La.R.S. 9:2801.
As the parties disagreed on certain items and their valuation, a hearing to traverse was held on October 27, 1987. Subsequent thereto, the Trial Judge determined what property was community, the value of the property, the validity of competing claims for reimbursement and a division of the property based on the previous three factors. From this ruling the plaintiff has appealed, assigning as errors the following three rulings by the Trial Court:
(1) The Trial Court erred in ruling that two Certificates of Deposit were community property and did not belong to the plaintiff’s parents.
(2) The Trial Court erred in failing to grant the plaintiff a larger credit for certain movable assets.
(3) The Trial Court erred in failing to give the plaintiff credit for two loans she claimed to have paid on behalf of the community.
ASSIGNMENT OF ERROR NO. 1
The plaintiff alleges that the Trial Court erred in ruling that (1) she failed to prove that the community owed $9,000.00 to her mother, and (2) that the proceeds of a Certificate of Deposit in the amount of $5,630.00 that had been in the names of the plaintiff and defendant when the community was dissolved, was a community asset when, in fact, it belonged to her father.
The plaintiff contended that her mother and father gave $9,000.00 and $5,630.00, respectively, to the plaintiff and defendant to be used for the parents’ future burial expenses. Both amounts were placed in two Certificates of Deposit in the names of the plaintiff and defendant, “Mr. or Mrs. Clayton Suire”. In 1980, prior to the dissolution of the community the defendant cashed the $9,000.00 certificate. The plaintiff contended that she and the defendant were physically separated at this time and that the defendant used the $9,000.00 for living expenses. The defendant claimed that the money came from a land sale in 1980.
The second certificate in the amount of $5,630.00, was cashed by the plaintiff in October, 1982, three months prior to filing the petition for separation. After cashing the Certificate of Deposit, the plaintiff opened a separate savings account in her and her daughter’s name. The defendant testified that this Certificate of Deposit was acquired with money left over from the $9,000.00 certificate that he had cashed earlier plus additional money he received from an insurance loss.
The Trial Court found that the plaintiff presented no credible evidence of a $9,000.00 community debt owed to her parents. Also he found that the $5,630.00 in the savings account was a community asset because the plaintiff had, likewise, failed to present credible evidence of a transfer of funds from her parents.
La.C.C. art. 2340 provides:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
A reviewing court must give great weight to the factual conclusions of the trier of fact, and reasonable credibility evaluations and inferences of fact should not be disturbed, where there is conflicting testimony. Till v. Delta School of Com *203 merce, 487 So.2d 180 (La.App. 3rd Cir.1986).
Initially, as was noted by the Trial Judge, the plaintiff did not present any checks, receipts or documents of any kind that would indicate a transfer of funds to the plaintiff and defendant from the plaintiffs parents. Also, her parents, who were still alive, did not testify nor had they ever made a claim for the funds. Also, a bank loan officer whom the plaintiff claimed knew of the origin of the $9,000.00 did not testify nor was she deposed or required to give a statement. The Trial Judge stated in his reasons for judgment that the defendant’s testimony regarding the source of the funds was “more reasonable and more believable”. Considering the discretion afforded the Trial Court in its credibility determinations of conflicting testimony, we find no error in either ruling that the money was not proven to belong to the plaintiff’s parents. Additionally, for the same reason we find no error by the Trial Court in its ruling that the plaintiff failed to carry her burden of proving that the proceeds from the $5,630.00 certificate were not community property.
ASSIGNMENT OF ERROR NO. 2
The plaintiff next contends that the Trial Court erred in failing to grant the plaintiff a larger credit for various movable assets that the defendant had in his possession. At the hearing, the plaintiff testified that she possessed various movable household items, including living room furniture, dinette furniture, a stereo and bedroom furniture. The defendant possessed an encyclopedia set, a refrigerator, a child’s bedroom set and a window air conditioner unit. The plaintiff valued all of these items at $1,500.00; the defendant valued them at $3,500.00. The Trial Judge deemed the items each party possessed to be of equal value and allocated ownership to the party who possessed the item at the time of trial.
As stated in the Trial Court’s reasons, there is no reliable evidence concerning the value of these items besides the value given by the parties on their sworn descriptive list. We find no error by the Trial Judge in his determination that the items were of equal value. Additionally, under La.R.S. 9:2801(4)(b), the community property is divided so that each spouse receives property of an equal net value. The plaintiff’s argument fails to consider the net value of the entire amount of property the plaintiff was allocated. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 3
Lastly, the plaintiff argues that the Trial Court erred in ruling that she failed to prove that she paid two community debts, of which amount she claimed reimbursement for one-half. The debts were a $1,700.00 loan at City Savings & Loan in DeRidder, Louisiana, and a $1,170.00 debt of the plaintiff and defendant’s seventeen year old minor son.
Again the Trial Court found that the plaintiff had not presented adequate proof of her claim of payment. No documents, receipts or bank’s records were introduced to support the plaintiff’s claims. We find no error by the Trial Judge in this ruling.
For the foregoing reasons, we affirm the ruling of the District Court.
Costs on appeal are to be paid by the plaintiff.
AFFIRMED.