JOSEPH E. COREIL, Judge Pro Tem.
This appeal arises from a petition seeking modification of a custody decree and reduction of alimony. After hearing the matter, the trial court awarded sole custody of the minor child to the father, William A. Davis, Jr., and reduced alimony to $600 per month. Lou Dell Hammons Davis, the mother, appeals the trial court’s ruling. We affirm.
FACTS
William Davis, Jr., M.D. and Lou Dell Hammons Davis, were divorced on September 26, 1985, in Neshoba County, Mississippi. In that proceeding, the defendant-appellant, Lou Davis, was awarded the care and custody of the minor child, William Davis, III (Billy). At the time of the hearing, Billy was nine years old.
The Mississippi judgment further provided that Dr. Davis pay appellant $600 per month child support and $1200 per month alimony. The Mississippi judgment also contained a provision concerning Mrs. Davis’ consumption of alcoholic beverages. Specifically, the court ordered “that she shall not at any time drink any kind of intoxicating beverages and in addition she shall attend regular AA meetings for at least three years
Mrs. Davis moved from Mississippi to Grant Parish, Louisiana, in 1985. She began dating Dr. Bruce Craig in the summer of 1987. Up until the last day of trial, the couple was “unofficially engaged.” The couple maintained separate homes, although admitting they engaged in sexual relations and spent a substantial portion of their time together.
In August of 1989, Dr. Davis filed a rule seeking sole custody of Billy and reduction or termination of alimony. At the hearing *807 held on October 2, 1989, the court first recognized the Mississippi judgment and made it a judgment of the court. At the conclusion of two days of testimony, the trial judge rendered judgment in favor of Dr. Davis, granting him sole custody of the child and reducing his alimony payments to Mrs. Davis.
This appeal followed. We have examined the various points raised by Mrs. Davis and find none merit discussion, except to say that, assuming for the sake of argument that there is possible error, such error would not require reversal because there is sufficient evidence in the record which supports the trial court’s ruling. The sole question before us on appeal is the correctness of the action of the trial court in awarding custody of the child to Dr. Davis and reducing the alimony payments.
CHANGE OF CUSTODY
The trial court, in oral reasons, was clearly influenced by the testimony from several witnesses regarding Mrs. Davis’ violation of the terms of the Mississippi judgment regarding her abstention from alcohol. Several witnesses, including Billy, testified to many episodes involving Mrs. Davis’ intoxication, including the fact that Mrs. Davis had driven while intoxicated with Billy in the car. Co-workers from the school where Mrs. Davis worked in 1985 to 1987 testified to the fact that she often reported to work in a condition that appeared to be the result of alcohol consumption. As a result of this apparent abuse of alcohol, Mrs. Davis was terminated from her position as the librarian of Grant High School during the 1987 school year.
The trial court also considered Billy’s testimony regarding his feelings and attitude toward Dr. Craig, Mrs. Davis’ boyfriend. From the testimony of Dr. Milton Ray, a licensed psychologist, and Billy himself, it was apparent that Billy was afraid of Dr. Craig and feared that he would hurt him. There was evidence that Dr. Craig physically abused Billy. Obviously, the trial court did not feel Mrs. Davis’ association with Dr. Craig was conducive to the rearing of Billy.
The record gives ample support for the trial court’s conclusion that living with his mother is a very disturbing experience for Billy. The trial court transferred custody to Dr. Davis because it believed the situation presented in Mrs. Davis’ home was not in the best interest of the child. The trial court properly applied the law of La. C.C. art. 157 [1].
Custody decisions and evaluations of fact by the trial court in such cases are entitled to great weight and should be overturned only when there is a clear abuse of discretion. Bordelon v. Bordelon, 390 So2d 1325 (La.1980). It is the opinion of this Court that the presumption of the correctness of the judgment of the trial court is fully supported by material and relevant evidence.
REDUCTION OF ALIMONY
Mrs. Davis appeals the trial judge’s ruling reducing her alimony from $1200 per month to $600 per month. For a court to alter an alimony award, the party seeking modification must show a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. Bernhardt v. Bernhardt, 283 So2d 226 (La.1973). At the time of the separation and the divorce, it appears Mrs. Davis was unemployed. Since that time, she now holds a teaching certificate and earns nearly $15,000 per year. Mrs. Davis has presented no evidence that she cannot utilize her earning capacity. She is not physically disabled and is clearly capable of providing for her needs by working.
On the other hand, Dr. Davis has shown sufficient change in circumstances to warrant a reduction in alimony. At the time of trial, Dr. Davis was remarried and had a 22-month-old daughter. He has moved his medical practice from Mississippi to North Carolina and his income has decreased substantially.
*808 Much discretion is vested in the trial court in determining the amount of alimony. In the absence of a clear showing of an abuse of discretion, the amount set by the trial judge will not be disturbed on appeal. Vesper v. Vesper, 469 So2d 458 (La.App. 3 Cir.1985). We do not find this ruling to be an abuse of its discretion and therefore affirm the trial court’s ruling reducing Mrs. Davis’ alimony from $1200 to $600 per month.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Mrs. Davis.
AFFIRMED.

. C.C. art. 157, relating to custody of children, was redesignated as Civil Code Article 134 pursuant to Acts 1990, # 1008, § 8, and Acts 1990, #1109, § 10.