657 So.2d 413 (1995)
George Alton BENNETT, Jr., Plaintiff-Appellant,
v.
Angela Brewer BENNETT, Defendant-Appellee.
No. 95-152.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*414 Jimmy Roy Faircloth, Jr., Pineville, for George Alton Bennett, Jr.
Charles Gregory Gravel, Michael W. Shannon, Alexandria, for Angela Brewer Bennett.
Before KNOLL, SULLIVAN and BROUILLETTE[*], JJ.
HAROLD J. BROUILLETTE, Judge Pro Tem.
George Bennett appeals a trial court judgment on the issues of custody, visitation and child support. George and Angela Bennett were married in 1990 and divorced on February 8, 1993. The judgment of divorce incorporated the provisions of an earlier consent judgment which provided, inter alia, for (a) joint custody of the two children of the marriage; (b) Angela Bennett to be domiciliary parent subject to visitation privileges in favor of George Bennett; and (c) George Bennett to pay $500 per month child support.
About a year later George Bennett filed a petition seeking provisional domiciliary custody based upon allegations of neglect by Angela Bennett. Following a hearing on February 24, 1994, the court denied the petition for domiciliary custody but modified the earlier decree to grant specific visitation on alternating weekends and holidays and additionally, reducing support to $300 per month.
*415 Shortly thereafter, on March 18, 1994, George Bennett petitioned the court to order Angela Bennett to undergo a mental health examination and drug screens and to render a final decree of custody. On the basis of affidavit evidence attached to the motion, the court set a hearing for April 4, 1994 and ordered Angela Bennett to undergo a mental health examination and drug screen prior to the hearing. When the motion was called for hearing on that date, Angela Bennett had undergone neither a mental health examination nor the drug screen. Without presenting evidence, the parties entered into a stipulated judgment on that day which was signed on April 25, 1994 under the terms of which George Bennett was made domiciliary custodian and Angela Bennett's visitation was decreed to be as follows:
A. During the six month period immediately following rendition of this judgment, Ms. Bennett's visitation of the minor children and the conditions thereof shall be as follows:
1. Ms. Bennett may retrieve and return the children directly to day care anytime between the hours of 8:00 a.m. and 5:00 p.m. any Tuesday, Wednesday and Thursday;
2. While exercising her visitation, Ms. Bennett must remain in the presence of the children;
3. Ms. Bennett shall produce to the Court a certificate evidencing her completion of whatever program is recommended by her treating mental health provider, which certificate shall be placed into and become a part of the record of this proceeding; and
4. Ms. Bennett shall submit to monthly drug screens, the results of which shall be provided to the Court and shall be placed into and become a part of the record of this proceeding.
The judgment also provided that upon Angela Bennett's compliance with the recited requirements for a period of six months, the visitation would be changed to the customary alternating weekends, holidays and six weeks in the summer. The judgment delineated the particulars of the visitation and additionally, ordered Angela Bennett to pay $100 per month child support.
On October 13, 1994, George Bennett filed a rule petitioning the court to award him full custody; to again order Angela Bennett to undergo drug screens; and to adjudicate her to be in contempt for failure to comply with the requirements of the judgment of April 25, 1994. She answered the rule denying most of the allegations and petitioning the court to remove the restrictions on her visitation. Following a hearing on November 7, 1994, the court: (1) held that Angela Bennett was not guilty of contempt of court; (2) denied the request of George Bennett for sole custody, thereby continuing joint custody; (3) increased the visitation privileges in favor of Angela Bennett by adding alternating weekends; and (4) reduced her child support obligation from $100 to $50 per month.
Formal judgment was signed on January 11, 1995 and George Bennett has appealed each of those four rulings.

CUSTODY AND VISITATION
The trial court's refusal to grant sole custody to George Bennett, thereby continuing joint custody, and the increase in visitation privileges in favor of Angela Bennett are so closely related that they should be discussed together.
Prior to January 1, 1994, custody was governed in part by La.Civ.Code art. 131 as then worded. It was amended by Act 261 of 1993 which became effective on January 1, 1994. Section 8 of that act enacted La.R.S. 9:387, which provides that the act "does not apply to actions for separation from bed and board or divorce or actions for incidental relief commenced before January 1, 1994, or to reconventional demands thereto, whenever filed. Such actions are to be governed by the law in effect prior to January 1, 1994." This litigation commenced prior to January 1, 1994 and is therefore governed by the law as it existed prior to that date.[1]
Prior to January 1, 1994, subsection A(1) of Civil Code art. 131 established a "preference" *416 of joint custody when both parents claimed provisional custody. Subsection C established a rebuttable presumption that joint custody is in the best interest of a minor child. Subsection D provided that joint custody "shall mean the parents shall, to the extent feasible, share the physical custody of the children of the marriage," and further that "[p]hysical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents."[2]
The determination of whether joint custody should be continued is the threshold issue. If it is, visitation must meet the requirements of the former Article 131 D recited above. Conversely, if George Bennett is granted sole custody, those mandates do not apply.
The trial judge presumably found that the evidence presented in support of the motion failed to rebut the presumption that joint custody is in the best interest of the children. In making that determination, he was required to consider evidence with respect to all of the factors delineated (a) through (l) in the former Article 131C(2). Such a determination clearly required findings of fact based upon the testimony of the witnesses. He specifically rejected George Bennett's contention that the children were in danger when they were with their mother. Additionally, he found that the children loved their mother very much; enjoyed being with her; and that it would be in their best interest to spend more time with her, including overnight visitation. While reasonable people may disagree on what the evidence established, a reviewing court must give great weight to the factual conclusions of the trier of fact; inferences of fact should not be disturbed where there is conflicting testimony. Suire v. Suire, 532 So.2d 201 (La.App. 3 Cir.1988); Till v. Delta School of Commerce, 487 So.2d 180 (La.App. 3 Cir.1986); Rosell v. ESCO, 549 So.2d 840 (La.1989).
Counsel for George Bennett cites four cases supporting the statement that this court has issued orders of sole custody on appropriate facts. See Greene v. Greene, 93-789 (La.App. 3 Cir. 3/2/94), 634 So.2d 1286; W.M.E. v. E.J.E., 619 So.2d 707 (La.App. 3 Cir.1993); Davis v. Davis, 601 So.2d 805 (La.App. 3 Cir.1992); and Faul v. Faul, 548 So.2d 957 (La.App. 3 Cir.1989).
In Greene, sole custody by the mother was not contested by the father and the only issue before this court was the amount of child support to be awarded. In W.M.E., this court upheld a trial court judgment granting sole custody to another based upon a finding that the father had sexually abused his daughter. In Davis, an award of sole custody to the father was based upon the finding of the trial court that the mother suffered from alcoholism, that the child was physically abused by his mother's boyfriend and that living with his mother was a "disturbing experience." It is noteworthy that this court in Davis, 601 So.2d at 807, held that:
Custody decisions and evaluations of fact by the trial court in such cases are entitled to great weight and should be overturned only when there is a clear abuse of discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
In Faul, joint custody was not at issue and the only question facing the court was whether the father should receive credit for social security benefits received by the wife.
While obviously there are situations which require an award of sole custody to one parent, the above cases provide no support whatever for George Bennett's claim for sole custody.
The failure or refusal of Angela Bennett to comply with the trial court's requirements in the stipulated judgment is clearly the most significant factor to be considered in determining whether George Bennett should be granted sole custody. Angela Bennett certainly displayed either a lack of respect for orders of the court or a failure to understand the seriousness of the failure to comply. While the record suggests that the trial judge was concerned with this, he was apparently satisfied with her explanation because he did not consider her failure serious enough to rebut the presumption in favor of joint custody. We find no clear abuse of *417 discretion and accordingly, the refusal to grant sole custody to George Bennett is affirmed.
With reference to the change in visitation, as indicated above, if the trial court's decision to continue joint custody is affirmed, the ruling to increase visitation must be viewed under the provisions of Article 131 D.
Counsel for George Bennett maintains that the court erred in increasing visitation, particularly in view of Angela Bennett's failure or refusal to comply with the earlier judgment which required a mental health examination and monthly drug screens. At trial, it was suggested that by increasing visitation, the court was rewarding contempt. As pointed out above, the earlier judgment provided that if she complied with those requirements, visitation would be changed to the customary alternating weekend and summer visitation. Although she failed to meet the requirements, the trial judge nevertheless increased visitation to include two weekends per month. He stated that based upon the testimony at the hearing, he felt that the increase was warranted for the best interest of the children.
Repeating the reference to Article 131 D, it must be noted that in the joint custody situation, it is the duty of the court to require the sharing of physical custody to the extent possible and to provide for a sharing of custody in such a way as to assure the children of frequent and continuing contact with both parents. If there is evidence to support the trial judge's ruling that (a) joint custody should be continued and (b) Angela Bennett was ready to handle overnight visitation, then it is clear that the increase was consistent with the mandate of Article 131 D.
The great discretion of the trial court in the area of custody and visitation should be noted. In Reynier v. Reynier, 545 So.2d 663, 665 (La.App. 5 Cir.1989), the trial court modified visitation by removing restrictions which had been placed on the non-custodial father's visitation. In affirming that ruling, the court held:
In change of custody matters, the jurisprudence has traditionally declared that where a party seeks to change the custody of a child granted to a parent by a considered decree, the party must show a change of circumstance materially affecting the welfare of the child. Bergeron v. Bergeron [492 So.2d 1193 (La.1986)], supra, and the cases cited therein. This rule historically imposed a heavy burden of proof on the moving party to show the change of circumstances. However, the courts faced with issues involving visitation and changes in visitation orders have generally not imposed the change of circumstance rule and its heavy burden of proof as jurisprudentially developed for change of custody. See: Hanks v. Hanks, 527 So.2d 32 (La. App. 3 Cir.1988); Heausler v. Heausler, 466 So.2d 793 (La.App. 4 Cir.1985); Cox v. Cox, 428 So.2d 1247 (La.App. 3 Cir.1983). But see: Mosely v. Mosely, 499 So.2d 106 (La.App. 1 Cir.1986), and Steagall v. Steagall, 442 So.2d 732 (La.App. 1 Cir.1983) (contra by implication).
The law recognizes the noncustodial parent's entitlement to reasonable visitation unless it is shown it would seriously endanger the child's mental, moral or emotional health. Maxwell v. LeBlanc, [434 So.2d 375 (La.1983)] supra. Where there have been restrictions placed on a noncustodial parent's visitation rights, those restrictions should be lifted when it is shown to be in the child's best interest. See: Hanks v. Hanks, supra; Heausler v. Heausler, supra; Cox v. Cox, supra. Furthermore, in visitation matters, as in custody, much discretion is vested in the trial judge and the trial judge's decision will not be disturbed absent an abuse of that great discretion. Hanks v. Hanks, supra; Dixon v. Dixon, [211 So.2d 352 (La.App. 1 Cir.1968)] supra.
This court, in Hanks v. Hanks, 527 So.2d 32 (La.App. 3 Cir.1988), recognized the great weight given the trial court in cases involving custody and visitation, citing the supreme court cases of Stephenson v. Stephenson, 404 So.2d 963 (La.1981); and Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
Counsel for George Bennett cites R.J.R. v. J.A.I.R.C., 625 So.2d 374 (La.App. 3 Cir. 1993), writ denied, 93-2741 (La. 1/7/94), 631 So.2d 450 and Peyton v. Peyton, 614 So.2d 185 (La.App. 3 Cir.1993), in support of his *418 claim that the trial judge erred in increasing visitation. We find nothing in the holdings of those cases which supports that argument.
The ruling of the trial court on the issue of visitation is affirmed.

CONTEMPT
George Bennett contends that the trial court erred in failing to hold Angela Bennett in contempt of court. He asserts that she intentionally violated the requirements of the April 25, 1994 judgment and failed to explain said violations.
One of the acts listed as constituting constructive contempt in La.Code Civ.P. art. 224 is "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court...."
In Hawkins v. Hawkins, 592 So.2d 843, 851 (La.App. 3 Cir.1991) this court held:
Under our jurisprudence interpreting this statute, it must be shown by the party seeking the contempt ruling that the alleged offender wilfully disobeyed a direct order of the court prior to the contempt rule; otherwise, he should not be held in contempt. James v. Spears, 372 So.2d 617 (La.App. 1st Cir.1979); Lambert v. Adams, 347 So.2d 883 (La.App. 3rd Cir.1977).
In cases in which there is no explanation for a failure to comply with an order of the court, it may be appropriate to remand that issue to the trial court to determine whether there is a valid explanation. Hildebrand v. Hildebrand, 626 So.2d 578 (La.App. 3 Cir.1993). In the present case, however, there was considerable testimony and discussion of that issue. Although we find Angela Bennett's explanations to be rather weak, the trial judge was apparently satisfied that her failure to comply did not constitute a wilful disobedience. The trial judge is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order. Buchert v. Buchert, 93-1819 (La.App. 1 Cir. 8/26/94), 642 So.2d 300; Widman v. Widman, 93-613 (La.App. 3 Cir. 2/2/94), 631 So.2d 689; Kirby v. Kirby, 579 So.2d 508 (La.App. 4 Cir.), writ denied, 582 So.2d 1308 (La.1991).
We find that there was no abuse of discretion in the trial judge's holding that Angela Bennett was not in contempt of court.

REDUCTION OF CHILD SUPPORT
George Bennett contends that the trial court erred in reducing child support. We agree. The issue was not before the court and there was no evidence relating to earnings or income except the unsupported statements of Angela Bennett in attempting to explain why she failed to pay support. Since a reduction was not requested in the pleadings, there was no reason for George Bennett to present evidence relating to earnings or expenses.
La.Code Civ.P. art. 1154 provides that when issues not raised by the pleadings are tried by consent of the parties, they shall be treated as having been raised by the pleadings. However, as held in Sledge v. Continental Casualty Company, 25,770 (La. App. 2 Cir. 6/24/94), 639 So.2d 805, evidence admitted without objection enlarges the pleadings only when it is not pertinent to any other issue which is raised by the pleadings. The testimony relating to Angela Bennett's earnings was offered in defense of the contempt of court charge and cannot be considered as having expanded the pleadings to permit a change in the support decree.
The trial court did not have jurisdiction to decide a controversy which the parties did not raise. Buchert, 93-1819, 642 So.2d 300; Gibson v. Gibson, 592 So.2d 855 (La.App. 3 Cir.1991). It is further pointed out that the trial court's ruling makes no reference whatever to the child support guidelines. The guidelines are mandatory and a trial court's factual findings cannot render the guidelines inapplicable, although some factual findings may warrant a deviation. Hildebrand, 626 So.2d 578. Since there was no mention of the guidelines, clearly no reasons were shown for a deviation. See Miller v. Miller, 610 So.2d 183 (La.App. 3 Cir.1992).
The ruling of the trial court reducing the child support owed by Angela Bennett from *419 $100 per month to $50 per month was error and is reversed.

CONCLUSION
For the reasons and in the particulars set forth above, the judgment of the trial court is affirmed in part and reversed in part. The costs of this appeal are assessed equally against the parties.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[*] Honorable Harold J. Brouillette participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] We are not suggesting that our rulings herein would be different under present law but simply that we are governed by the language of the law prior to amendment.
[2] That language is substantially the same as that now contained in La.R.S. 9:335 A(2)(a) and (b).