NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-393

SONIA RENE WILES BENNETT

VERSUS

RONALD ELLIS BENNETT

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-0655-A
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED IN PART AND REVERSED IN PART.

Steven E. Adams
Adams Law Office, APLC
4637 Jamestown Avenue, Suite A
Baton Rouge, LA 70808
(225) 924-1510
Counsel for Defendant/Appellant:
    Ronald Ellis Bennett

Sonia Rene Wiles Bennett
In Proper Person
212 Tori Logan Lane
Sunset, LA 70584
(337) 942-1859

**DECUIR, Judge.**

Ronald Bennett filed a rule petitioning the court to change its previous custody decree and name him as domiciliary parent or, alternatively, award split custody. Ronald alleged that the change was necessitated by the serious grade issues at school. Ronald also asked the court to order both parties to undergo drug testing. Sonia Bennett answered the rule and filed an exception of no cause of action alleging that Ronald was not entitled to joint custody by virtue of the Post-Separation Family Violence Relief Act, La.R.S. 9:364.

Following a hearing, the court: (1) denied the request of Ronald Bennett to be named domiciliary parent or that custody be split, thereby continuing joint custody; (2) denied the exception of no cause of action filed by Sonia; (3) ordered Ronald Bennett to continue paying the note and insurance on a truck being used by his sixteen-year-old son; (4) prohibited Ronald Bennett from selling the truck or disturbing the son's peaceable possession thereof; (5) ordered that neither parent could ground the son from using the truck while he was in the other parent's custody; (6) prohibited Sonia Bennett from having physical contact with Chris Leblanc while the children were with her; and (7) ordered Ronald Bennett to complete an anger management program.

Ronald Bennett lodged this appeal raising one assignment of error. He contends the trial court erred in ordering him to provide a truck to his sixteen-year-old son and otherwise restricting his ability to limit his son's access to the truck.

## DISCUSSION

Ronald Bennett challenges the trial court's ruling on the ground that it violates the provisions of La.R.S. 9:315.1, which require the court to give specific oral or written reasons justifying a deviation from the child support guidelines. He argues that the trial court's ruling in effect increased his support obligation. We agree with

that assessment and the allegation that the trial court erred in ordering Ronald Bennett to continue to pay the note and insurance on the truck and in forbidding him from restricting his son's access to the vehicle.

This court, in the coincidentally captioned but unrelated case of *Bennett v. Bennett*, 95-152, pp.10-11 (La.App. 3 Cir. 5/31/95), 657 So.2d 413, 418, addressed a similar situation as follows:

> The issue was not before the court and there was no evidence relating to earnings or income except the unsupported statements of Angela Bennett in attempting to explain why she failed to pay support. Since a reduction was not requested in the pleadings, there was no reason for George Bennett to present evidence relating to earnings or expenses.
>
> La.Code Civ.P. art. 1154 provides that when issues not raised by the pleadings are tried by consent of the parties, they shall be treated as having been raised by the pleadings. However, as held in *Sledge v. Continental Casualty Company*, 25,770 (La.App. 2 Cir. 6/24/94), 639 So.2d 805, evidence admitted without objection enlarges the pleadings only when it is not pertinent to any other issue which is raised by the pleadings. The testimony relating to Angela Bennett's earnings was offered in defense of the contempt of court charge and cannot be considered as having expanded the pleadings to permit a change in the support decree.
>
> The trial court did not have jurisdiction to decide a controversy which the parties did not raise. *Buchert [v. Buchert]*, 93-1819 (La.App. 1 Cir. 8/26/94), 642 So.2d 300; *Gibson v. Gibson*, 592 So.2d 855 (La.App. 3 Cir.1991). It is further pointed out that the trial court's ruling makes no reference whatever to the child support guidelines. The guidelines are mandatory and a trial court's factual findings cannot render the guidelines inapplicable, although some factual findings may warrant a deviation. *Hildebrand [v. Hildebrand]*, 626 So.2d 578 (La. App 3 Cir. 1993). Since there was no mention of the guidelines, clearly no reasons were shown for a deviation. *See Miller v. Miller*, 610 So.2d 183 (La.App. 3 Cir. 1992).

The *Bennett* court concluded that the trial court's ruling was in error and reversed. In the present case, neither party requested the actions ordered by the trial court regarding their son's use of a truck. The issue of the truck came up only briefly in testimony from the court-appointed psychologist. Standing alone, that testimony was insufficient to constitute an expansion of the pleadings that would permit a

2

change in the support decree. Accordingly, we must reverse those provisions of the trial court's judgment pertaining to the financing and use of the truck.

For the above and foregoing reasons, the judgment of the trial court is reversed in part in accordance with the views expressed herein. Those provisions of the judgment pertaining to the truck are hereby stricken. In all other respects, the judgment appealed from is affirmed. Costs of this appeal are assessed to Sonia Bennett.

**AFFIRMED IN PART AND REVERSED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3