ELLIS, Judge.
David Lamar Dixon and Evelyn Dillard Dixon were married in December, 1962, and one child was born of their marriage, on October 4, 1963.
On August 13, 1964, Mr. Dixon filed suit for a separation and Mrs. Dixon’s answer was filed the same day. On the following day, a judgment of separation was rendered, and Mrs. Dixon was granted custody of the child. In January, 1965, the child became ill with pneumonia and was hospitalized. Upon her release, she was in need of constant attention, which Mrs. Dixon was unable to furnish because she herself was ill, and because she worked. She therefore placed the child with its grandparents, Mr. and Mrs. Ben Dixon, who could care for it. A rule for custody was immediately filed on behalf of the father, and the change of custody stipulated to by Mrs. Dixon.
In August, 1965, when Mr. Dixon filed suit for a final divorce, Mrs. Dixon attempted to regain custody of the child, but was unable to meet the double burden of proof imposed by the case of Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955), and custody remained with the father. Mrs. Dixon was granted visitation rights on Saturday of each week, between 8:00 a. m. and 6:00 p. m. at the residence of her parents.
This rule was filed by Mrs. Dixon in March, 1967, seeking a change in custody, or, alternatively, an increase in the visitation rights. After a lengthy hearing, judgment was rendered denying the prayer for custody, but granting extended visitation rights. A re-hearing was applied for and granted, and thereafter, judgment was rendered denying the custody change but granting to Mrs. Dixon visitation privileges on the first and third week-ends of each month from 8:00 a. m. Saturday until 6:00 p. m. Sunday, one week each summer, and on alternate Christmas and Easter holidays. From this judgment, both parties appealed, but only Mr. Dixon’s appeal was perfected. We are therefore confronted only with the question of the propriety of increasing the visitation rights enjoyed by Mrs. Dixon.
Although Mr. Dixon attempted to show at the trial of the rule that his former wife was morally unfit, we find that he has totally failed to carry the burden of proof. We find nothing in the record to indicate that Mrs. Dixon is motivated by anything other than love for her child and a desire to have her company more often.
*354 In cases dealing with visitation privileges, as in all cases dealing with child custody and its incidents, the welfare of the child is the primary consideration. The question of visitation rights is. never closed, but is always subject to change should conditions warrant it. It is also true that the decision of the trial judge in such matters is entitled to great weight and should not be altered unless there has been an abuse of the discretion vested in him. See Poole v. Poole, 189 So.2d 75 (La.App. 1 Cir. 1966).
In this case, the district judge has determined that an increase in visitation rights is warranted by the circumstances. After carefully reviewing the record, we are unable to say that his conclusion is erroneous or that it amounts to an abuse of discretion. It is certainly desirable that a young girl should have an opportunity to know her mother, particularly when there is no showing made that the association is in any way detrimental to her welfare.
The judgment of the trial court is affirmed, at appellant’s cost.
Affirmed.