499 So.2d 106 (1986)
Rita Katherine Long MOSELY
v.
Dean Meredith MOSELY.
No. 86 CA 0218.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Rehearing Denied January 12, 1987.
*107 Alan S. Fishbein, Baton Rouge, for plaintiff-appellant Rita Katherine Long Mosely.
Robert C. Lowe, New Orleans, for defendant-appellee Dean Meredith Mosely.
Before EDWARDS, WATKINS and PONDER[*], JJ.
WATKINS, Judge.
The sole issue before us is whether the trial court erred in modifying a child custody decree to award joint custody to the parties involved in this lawsuit. Because there was no allegation or proof of a change in circumstances materially affecting the welfare of the children since the prior decree, we reverse.
Rita Katherine Long and Dean Meredith Mosely were divorced on September 11, 1981, after fifteen years of marriage. Three children were born of the marriage: Katherine, Russell, and Kirk. In the judgment of divorce, Mrs. Mosely was awarded the sole permanent custody of the children, subject to reasonable visitation by Mr. Mosely. The terms of Mr. Mosely's visitation were stipulated in a consent decree on June 22, 1982. On February 20, 1985, Mr. Mosely filed a rule seeking joint custody of the children and proposing minor changes in visitation rights. After trial, the family court granted joint custody subject to certain conditions and slightly modified the existing visitation arrangement. No reasons for the modification of custody were given. Mrs. Mosely then appealed.
This action to modify the 1981 sole custody decree is governed by LSA-C.C. arts. 157 and 146. Article 157(A) states: "In all cases of ... change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." Article 146(F) states: "Any order for the custody of a minor child of a marriage entered by a court in this state ... may be modified at any time to an order of joint custody in accordance with the provisions of this article." Under article 146(A), custody must be awarded according to the best interest of the child. The best interest of the child is the sole criterion to be met in *108 awarding or modifying custody under Civil Code article 146. Bergeron v. Bergeron, 492 So.2d 1193, 1201-1202 (La.1986).
However, the "best interest" principle is subject to and affected by auxiliary evidence and procedure rules, such as the rule requiring a change in circumstances before a custody decree may be modified.[1]See id. at 1196. Before the 1977 amendment of Civil Code article 157, a plaintiff seeking a significant modification of a child custody decree was required to show that "a change in circumstances materially affecting the welfare of the child" had occurred since the prior decree. See, Bergeron, at 1193-1194, 1195, and cases cited therein.
The Bergeron court noted the reasons for the changed circumstances rule:
[I]t is desirable that there be an end of litigation and undesirable to change the child's established mode of living except for imperative reasons. Moreover, to require a party to show a change in circumstances materially affecting the child's welfare before contesting an award of custody, that he previously has had a full and fair opportunity to litigate, protects his adversary and the child from the vexation and expense attending multiple unjustified lawsuits, conserves judicial resources, and fosters reliance on judicial actions by minimizing the possibility of inconsistent decisions.
Id. at 1195 (citations omitted).
The opinion in Bergeron indicates that the changed circumstances rule is distinct from the heavy burden of proof for modification of custody.[2]Id. at 1196. Bergeron also indicates that the changed circumstances rule survived intact the 1977 amendment to Civil Code article 157 and Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980). See Bergeron, at 1197. The court had earlier implied as much in Turner v. Turner, 455 So.2d 1374 (La. 1984), in discussing access to the courts to modify child custody decrees: "The important thing is not to abuse the children by dragging them constantly through the court system, when there has not been a real change in circumstances sufficient to justify a change in custody." Id. at 1381. We note, however, that prior to the recent Bergeron decision, there was some uncertainty as to whether the amendments of 1977 to Civil Code article 157 and of 1982 to articles 146, 157, and 250 and the case of Bordelon v. Bordelon had abrogated the jurisprudential rule that a change in circumstances had to be alleged and proved to justify a change in custody. The recent decision held that the requirement was still valid.
In the present case, Mr. Mosely alleged that a change to joint custody would be in the best interest of the children. However, he neither alleged nor proved a change of circumstances materially affecting the welfare of the children which justified a change from the existing custody decree. The only change evident from the record is the remarriage of Mrs. Mosely.
*109 The record does not reflect how this or any other change has affected the welfare of the children. Even though the family court's decree would not substantially alter the visitation and physical custody of the children, we cannot say that a change from sole custody to joint custody under these circumstances is so insubstantial as to avoid the operation of the changed circumstances rule.
We note that Mr. Mosely is free to reapply for joint custody upon proof of a change in circumstances materially affecting the welfare of the children, upon meeting the burden of proof set out in Bergeron, and upon showing that such a change is in the best interest of the children.
Upon appellate review, the determination of the trial court in custody matters is entitled to great weight, and its discretion will not be disturbed on review in the absence of a clear showing of abuse. Bergeron, supra, at 1196. Here, we find that the family court improperly failed to apply the changed circumstances rule in awarding joint custody.
However, we do find support for the family court's conclusion that a modification of the stipulated visitation is in the best interest of the Mosely children. The modifications are not so substantial as to require proof of a change in circumstances. Bergeron, supra at 1194. As such, a showing that the modifications are in the best interest of the children is sufficient. LSA-C.C. arts. 146, 157.
Accordingly, the judgment of the family court is reversed and the original decree of sole custody in Mrs. Mosely is reinstated.
The stipulated judgment of visitation of June 22, 1982, is also reinstated, with the following modifications:
(i) The parent who does not have custody and control on a given day may, with the consent of the other parent, take the children for brief outings at a time convenient to the custodial parent and consistent with the routine of the children.
(ii) Whenever one parent is out of town overnight, the other parent shall have the right to keep the children until the out-of-town parent returns. If the in-town parent is not able to keep the children, the absent parent must make other arrangements for the care of the children.
All costs are charged to the appellee, Dean Meredith Mosely.
REVERSED AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM.
As we noted in our original opinion, prior to Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), there was some uncertainty whether the Civil Code amendments and Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980), had abrogated the changed circumstances requirement. Bergeron held that they did not. The language of the Bergeron opinion indicates that it did not alter the law with respect to the change in circumstances requirement (as compared with the reformed "heavy burden of proof rule").
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] "Although the trial court retains a continuing power to modify a child custody order, there must be a showing of a change in circumstances materially affecting the welfare of the child before the court may consider making a significant change in the custody order." Bergeron, at 1194.
[2] Before the 1977 amendment to LSA-C.C. art. 157, a plaintiff seeking a modification of a child custody decree bore a "heavy burden" of proving that the continuation of the present custody was so deleterious to the children as to justify removing them from the environment to which they were accustomed. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980) held that his heavy burden of proof was abrogated by the 1977 amendment to article 157. The recently decided Bergeron opinion questioned the reasoning of Bordelon and restated the burden of proof in custody modifications tried thereafter as follows:

When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La. 1986).