545 So.2d 663 (1989)
Janice Roger REYNIER
v.
Gabriel REYNIER, III.
Nos. 89-CA-3, 89-CA-4.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
*664 Robert J. Stamps, Metairie, for appellant.
Isidro Rene Derojas and Martin E. Regan, Jr., New Orleans, for appellee.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Plaintiff, Janice Roger Reynier, appeals from a judgment on a rule to modify visitation. The judgment expanded the visitation rights of Gabriel Reynier, III, father of the couple's minor child, and removed restrictions originally placed on his exercise of visitation.
On appeal Mrs. Reynier asserts the trial judge erred in modifying the original judgment of visitation without a showing of a change in circumstances materially affecting the welfare of the child, citing Turner v. Turner, 455 So.2d 1374 (La.1984).
The parties were divorced on July 25, 1985. At that time Mrs. Reynier was awarded sole custody of the couple's daughter, subject to supervised weekend visits with the father. Supervision during the visits was to be provided by Mr. Reynier's parents.
On September 24, 1987, Mr. Reynier filed a rule to change custody and/or visitation rights. In response, the trial judge ordered the parties and the child to be evaluated by the court-appointed psychiatrist. The case was then heard on October 18, 1988.
Following the hearing, the trial judge modified the prior judgment by granting Mr. Reynier unsupervised overnight visitation on each and every third weekend that he is not scheduled to work from 9 a.m. Saturday until 6 p.m. Sunday. In addition, Mr. Reynier was granted visitation with his daughter on one evening a week he is not scheduled to work from the time she is released from school until 7 p.m. On the occasions he cannot exercise his visitation right due to work conflicts, his mother was granted the right to exercise visitation in his stead. The judgment further ordered Mr. Reynier to take his daughter to religious training on the Sunday mornings she is in his custody and enjoined him from speaking to her about religion. The court stated it would entertain a motion from Mr. Reynier after six months to increase his visitation rights during the summer months and to allow visitation on alternate holidays.
In cases involving child custody and visitation rights the primary consideration is the best interest of the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) (child custody); Maxwell v. LeBlanc, 434 So.2d 375 (La.1983) (visitation rights). Thus, the question of visitation is always open to change when the conditions warrant it. Dixon v. Dixon, 211 So.2d 352 (La.App. 1 Cir.1968).
*665 In change of custody matters, the jurisprudence has traditionally declared that where a party seeks to change the custody of a child granted to a parent by a considered decree, the party must show a change of circumstance materially affecting the welfare of the child. Bergeron v. Bergeron, supra, and the cases cited therein. This rule historically imposed a heavy burden of proof on the moving party to show the change of circumstances. However, the courts faced with issues involving visitation and changes in visitation orders have generally not imposed the change of circumstance rule and its heavy burden of proof as jurisprudentially developed for change of custody. See: Hanks v. Hanks, 527 So.2d 32 (La.App. 3 Cir.1988); Heausler v. Heausler, 466 So.2d 793 (La.App. 4 Cir.1985); Cox v. Cox, 428 So.2d 1247 (La. App. 3 Cir.1983). But see: Mosely v. Mosely, 499 So.2d 106 (La.App. 1 Cir.1986), and Steagall v. Steagall, 442 So.2d 732 (La. App. 1 Cir.1983) (contra by implication).
The law recognizes the noncustodial parent's entitlement to reasonable visitation unless it is shown it would seriously endanger the child's mental, moral or emotional health. Maxwell v. LeBlanc, supra. Where there have been restrictions placed on a noncustodial parent's visitation rights, those restrictions should be lifted when it is shown to be in the child's best interest. See: Hanks v. Hanks, supra; Heausler v. Heausler, supra; Cox v. Cox, supra. Furthermore, in visitation matters, as in custody, much discretion is vested in the trial judge and the trial judge's decision will not be disturbed absent an abuse of that great discretion. Hanks v. Hanks, supra; Dixon v. Dixon, supra.
In this case, the evaluating psychiatrist, Dr. C.A. Cowardin, testified she saw each parent separately on one occasion each. The child was in attendance on both visits. Dr. Cowardin stated she observed the child's interaction with each parent and saw no evidence of fear or discomfort on the child's part when she was with her father. Based on her observations, evaluations of the parents' personalities and her review of the previous psychiatric report, Dr. Cowardin testified she found nothing to warrant a continuation of supervised or restricted visitation. However, she also stated she was reluctant to suggest the visitation be changed in an abundance of caution, because she did not know if the previous judge was provided with additional information that was not available to her.
Mr. Reynier also testified. He asserted the original restrictions placed on his visitation with his daughter were unwarranted and he requested the change to "right a wrong." He further pointed out his father has died since the judgment was rendered. As a result, Mr. Reynier asserted the visitation supervision requirement has become a burden to his mother since she has to travel 44 miles from her home to supervise the visitation on the weekends. He also noted his mother now works part-time during the week.
Mr. Reynier's mother, Jennie Reynier, confirmed and supported Mr. Reynier's testimony. She added it was particularly burdensome for her to drive the distance from her home only to be refused visitation when she and her son arrived to pick up the child, an event that sometimes occurred, according to her, without justification.
Janice Reynier contended in her testimony that she opposes the change in Mr. Reynier's visitation rights because she is afraid Mr. Reynier will physically or emotionally harm or molest the child. She asserted her fears are based on the fact she once saw him molest her grandchild from an early marriage. In addition she complained that Mr. Reynier tells the youngster "scary stuff" related to his religious beliefs.
The trial judge listened to the testimony, reviewed the record and concluded the continuation of supervised visitation was unnecessary and not in the child's best interest. He recognized, however, the father's religious beliefs may have an adverse effect on the child who was being raised in a different religion and enjoined him from speaking to her about religion. The trial judge apparently did not believe *666 Mrs. Reynier's other accusations against Mr. Reynier, and his disbelief is supported by the fact she never mentioned these fears in her sessions with either the original psychiatrist who evaluated her or to Dr. Cowardin. Considering the lack of evidence to support restricted visitation and the child's present age, we find the trial judge did not abuse his discretion in modifying the previous visitation judgement.
Accordingly, the judgment of the trial court is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.