690 So.2d 869 (1997)
Coleen Leviner ACKLIN, Plaintiff-Appellant,
v.
James David ACKLIN, III, Defendant-Appellee.
No. 29193-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
*870 Northwest Louisiana Legal Services by James A. Vaughn and Nancy E. Johnson, for Plaintiff-Appellant.
Newell & Newell by Daniel W. Newell, Homer, for Defendant-Appellee.
Before HIGHTOWER, BROWN and GASKINS, JJ.
HIGHTOWER, Judge.
The mother of a minor appeals the granting of a peremptory exception of no cause of action in her rule to modify visitation privileges. We reverse and remand.

Background
Coleen and James Acklin, parents of the minor child, Matthew D. Acklin, divorced in 1985.[1] A court-ordered joint custody plan awarded the father physical custody of the three-year-old with the mother having specific visitation rights.
In September 1988, after only the filing of a writ of habeas corpus prompted the mother to return the child from a regularly scheduled two-week visit in Texas, the trial court granted Mr. Acklin's request to limit Ms. Acklin's visitations to Claiborne Parish, Louisiana. Later by rule to modify visitations dated September 11, 1995, she sought to lift that restriction, claiming Matthew had been precluded from a meaningful relationship with his two half-siblings and that Mr. Acklin's lack of cooperation placed burdensome conditions upon her visits. The father countered with a peremptory exception of no cause of action, maintaining that the allegations did not assert a change in circumstances so materially affecting the welfare of the child as to satisfy the standard set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986).
Following a hearing, the trial court held that Ms. Acklin had not met the Bergeron burden, but accorded her ten days for amendment of the rule. Thereafter, she alleged that the now twelve-year-old youngster could act to prevent being kept in violation of the court order and that her living situation had stabilized in that she had remarried, purchased a home, and been employed for several years as a security guard subject to termination for any misconduct, including the violation of a court order. The mother further averred that the current visitation arrangement did not serve the best interest of the child, that the father had rejected phone calls and letters from her concerning the child, that he had refused to allow the child to accept Christmas and birthday presents from her and her relatives, and that members of Mr. Acklin's family had actually stalked her during her visits. After a second hearing, upon again finding the allegations insufficient to meet the Bergeron standard, the trial court sustained the exception and dismissed the suit.

*871 Discussion

Ms. Acklin argues on appeal that the Bergeron standard should not apply to requests for modification in visitation privileges and that the trial court erred in granting the exception of no cause of action. We agree.
The law is clear, of course, that the party seeking to change custody granted in a considered decree bears a heavy burden of proving that continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by the change in environment is substantially outweighed by the advantages to the child. Bergeron, supra. The purpose of this heavy burden is to avoid extensive and repetitive litigation that could be harmful to the child and to avoid unnecessary changes in the child's life. Id. Visitation, however, is not strictly a "species of custody" and, instead, has an independent basis in the Civil Code. La.C.C. art. 136, Revision Comments 1993(b).
Notably, La.C.C. art. 136 provides visitation rights for a parent not granted custody or joint custody. The 1985 custody plan approved by the parties before us, although termed a "Joint Custody Plan," specifically accorded "visitation" privileges for the mother and imposed a "strict condition" of professional child care for her to enjoy such visitations during the summer. Subsequently, the September 1988 judgment greatly modified that plan to state that Ms. Acklin's "visitation rights" could be exercised only in Claiborne Parish.
Further, a close comparison of each parent's shared time under the plan reveals a substantial inequity in favor of the father. As a result of alternating weekends, holidays, and summer periods, the mother is allowed physical contact with her child on approximately ninety-eight days during the year. Obviously too, the present arrangement at all times restricts mother-child experiences to the territory limits of the father's parish of residence, a considerable distance from the mother's home in Beaumont, Texas. In similar situations, where the non-domiciliary parent has enjoyed only limited physical contact with the child, our courts have not hesitated to classify so-called joint custody decrees as "no more than sole custody awards to the domiciliary parent." Christian v. Christian, 535 So.2d 842, 847 (La.App. 2d Cir.1988). See also Bynog v. Bynog, 95-173 (La.App. 3d Cir. 07/26/95), 663 So.2d 86; Foy v. Foy, 505 So.2d 850 (La.App. 2d Cir.1987); Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir. 1983). As in these cases, the arrangement before us in actuality classifies as a sole custody decree providing visitation rights to the mother.[2]
A modification of visitation rights is not so substantial as a change in actual physical custody. Mosely v. Mosely, 499 So.2d 106 (La.App. 1st Cir.1986), writ denied, 505 So.2d 1138 (La.1987), citing Bergeron, supra. As such, a showing that the modification is in the best interest of a child is sufficient. Bennett v. Bennett, 95-152 (La.App. 3d Cir. 05/31/95), 657 So.2d 413; Reynier v. Reynier, 545 So.2d 663 (La.App. 5th Cir.1989); Mosely, supra. Accordingly here, in addressing Coleen Acklin's request for a modification of visitation rights, the trial court erred in applying the Bergeron rule rather than the appropriate "best interest" standard.
Further, the function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. Accepting all well-pleaded allegations of fact as true, the court reviews the face of the petition to resolve whether the plaintiff is legally entitled to the relief sought. La. C.C.P. art. 931; Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
Applying that review to the case sub judice, we find that Ms. Acklin's fact allegations sufficiently raise the issue as to whether the earlier restrictions on her visitation should be lifted. Matthew's age, the allegations *872 that the child has not been able to form a serious relationship with his half-siblings due to the travel distance and the actions of Mr. Acklin and his family, and the stability in the mother's life and marriage, when accepted as true, show a change in circumstances supporting a best interest inquiry at a full hearing.
The judgment sustaining the exception and dismissing Ms. Acklin's rule is reversed. The case is remanded for further proceedings in accordance with the law and this opinion. Costs are assessed to Mr. Acklin.
REVERSED AND REMANDED.
NOTES
[1] Coleen Acklin's other two children, Christie and Shaun Acklin, issue of another marriage, are not a part of these proceedings.
[2] The issue of the propriety of the custody award is not before us. Our analysis, in this instance, is limited to a classification of the visitation rights and the standard utilized in a rule to modify them.