h CARAWAY, J.
In this child custody case, the trial court rendered a judgment maintaining a prior award of joint custody but changing the domiciliary parent of one child to the father and leaving the mother as the domiciliary parent of the other child. The father argues that he should have been appointed domiciliary parent of both children since the mother has now been moved out-of-state by her employer. Finding no abuse in the trial court’s ruling, we affirm.

Facts

Guy Matthew Miller (“Dusty”) married Donna Robbin Miller Davis (“Robbin”) in April 1986 and the parties were divorced in Ouachita Parish on May 31, 1994. Two children were born of the marriage, Dylan Matthew Miller (“Dylan”) on May 17, 1986 and Jesse Daniel Miller (“Jesse”) on April 28, 1992. Pursuant to a joint stipulation, a consent order was entered granting Dusty and Robbin joint custody of the boys with Robbin being named the primary domiciliary parent for both children and Dusty being granted visitation rights on alternating weekends. Dusty also agreed to pay Robbin $500 per month in child support for Dylan and Jesse. In the summer of 1997, with both parties still living in the parish, the custody arrangement was changed by agreement to allow Dylan to reside primarily with Dusty.
Robbin has been employed by Colum-bian Chemicals for years. As part of a company-wide consolidation, the Monroe office was closed and the personnel were relocated to Marietta, Georgia. In the summer of 1998, Robbin and her new husband, John, prepared to move with Jesse. Seeking domiciliary custody of both boys, on July 9, 1998, Dusty filed a rule to modify custody, child support, tax exemptions and for a temporary restraining order prohibiting Jesse’s removal from Louisiana. After a preliminary injunction hearing on the propriety of the TRO on July 22, 1998, the trial court permitted Robbin to take Jesse to Georgia and vested | ^temporary custody of Dylan with Dusty, both rulings pending a full eviden-tiary hearing on October 12, 1998. In addition, the trial court appointed Dr. Bobby Stephenson as an expert for purposes of a mental health evaluation of Dusty, Robbin, Dylan and Jesse.
At the October hearing, Dr. Stephenson testified that although he recommended that Dylan and Jesse live together in Dusty’s household, he did not consider either Robbin or Dusty to be a bad parent. Dusty and Robbin both testified as well as several family members and friends. After reviewing all the testimony and the psychological reports of Dr. Stephenson, the court rendered its ruling that both Dusty and Robbin were equally fit to be the custodial parents of Dylan and Jesse and that it was in the boys’ best interest to remain in their present settings, Dylan with Dusty and Jesse with Robbin. The court also decreased Dusty’s child support obligation. The judgment, which the court designated a considered decree and which set forth a detailed visitation plan, was *223 rendered on December 16, 1998. Dusty appeals the custody ruling.

Discussion

The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131; Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731. In cases such as this one, where the original custody decree is a stipulated judgment and the rule of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) for the burden of proof is inapplicable, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2)that the proposed modification is in the best interest of the child. Evans, supra. at 738.
La. C.C. art. 134 provides a non-exclusive list of factors which the trial court may consider with all other relevant factors for the determination of the best interests of the child. The consideration of all relevant factors under Article 134 1 ^should be followed in actions to change custody, as well as in those to fix custody initially. La. C.C. art. 134, commend (d).
Dr. Stephenson’s recommendation that Dusty should receive primary domiciliary custody of both Dylan and Jesse was based on his evaluation of all the parties. Dr. Stephenson felt strongly that Dylan and Jesse should not live several states apart and that Dusty offered the more stable home in Louisiana where there was extensive family support. Additionally, although Dylan did not testify at trial, Dr. Stephenson related that Dylan had informed him about being left alone with Jesse while in Robbin’s care while she went to bars and got intoxicated. At the hearing, Robbin acknowledged that she and her husband, John, would sometimes go out to bars and clubs but she denied getting intoxicated and stated that they would mainly go out when Dusty had custody of the boys. Robbin testified that on approximately four occasions during the five years since her divorce from Dusty she had left Dylan and Jesse to go out, but she stated that the boys were always left with older teenage girls experienced in babysitting.
Dusty argues that in a custody case, a parent who wants to remove a child from the court’s jurisdiction must show both that there is good reason for the move and that the move is in the child’s best interest. Citing Pittman v. Pittman, 94-952 (La.App. 5th Cir.3/15/95), 653 So.2d 1211, writ denied, 95-1526 (La.9/29/95), 660 So.2d 881. We believe that Robbin’s relocation by a company she had been employed with for thirteen years qualifies as a “good reason” for the move to Georgia. Moreover, we find that with the evidence, the trial court could reasonably have found that accompanying his mother in the move was in Jesse’s best interest. Dr. Stephenson acknowledged that granting Dusty physical custody of Jesse, who was 1/6 at the time of the parties’ divorce and 6/6 at the time of the hearing, would cause Jesse trauma and turmoil because his primary caregiver had always been Robbin. This finding significantly supports Robbin’s continued role Las primary custodian of Jesse as indicated by factors (4)and (12) under La. C.C. art. 134.[1]
We recognize that for Dylan, Dusty carried his burden of proving there had been a material change of circumstances since the original custody decree and that the proposed modification of Dusty being granted primary domiciliary custody of Dylan was in the best interest of the child. By all accounts, Dylan has thrived while in Dusty’s care since the summer of 1997 and *224 the parties and Dylan are satisfied with this arrangement. However, we find that Dusty failed to prove that a modification of the existing custody arrangement would be in Jesse’s best interest. The trial court was of the opinion that “both children are at this point and time living in a safe and nurturing environment” and found that “both parents are equally fit to be the custodial parent of the children.” While it is true that Robbin and Jesse have little extended family support in Georgia, the trial court considered this factor and discounted it noting that having family in close proximity was not necessary to successfully rear children but that what was more important was the motivation of the parent and the environment created by the parent. We note that the separation of children of a family is a custodial disposition which courts should generally avoid. Meredith v. Meredith, 521 So.2d 793 (La.App. 2d Cir.1988); Price v. Price, 451 So.2d 1187 (La.App. 1st Cir.1984). However, it is sometimes necessary and in the best interest of the child. In view of La. C.C. art. 134(4) and (12)’s emphasis on maintaining the continuity of the children’s environment, the trial court’s continuance of the existing agreed custody arrangements for Dylan and Jesse is in the best interest of these children under the facts presented.
LA trial court’s determination of child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Warlick v. Warlick, 27,389 (La.App.2d Cir.9/29/95), 661 So.2d 706. We find that the trial court was correct in maintaining the joint legal custody of the children and in holding that Dusty met his burden of proof to modify the consent custody order to grant him primary domiciliary custody of Dylan but that Dusty failed to prove that it would be in Jesse’s best interest for Dusty to be granted primary domiciliary custody.

Conclusion

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellant.
AFFIRMED.

. La. C.C. art. 134(4) and (12) provide as factors for the court to consider in awarding custody:
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(12) The responsibility for the care and rearing of the child previously exercised by each party.