833 So.2d 1119 (2002)
John R. ARBUCKLE, Plaintiff-Appellee,
v.
Karla Gonzales ARBUCKLE, Defendant-Appellant.
No. 36,616-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
*1120 E. Ray Kethley, Shreveport, for Appellant.
Gary V. Evans, Mansfield, for Appellee.
Before STEWART, KOSTELKA and DREW, JJ.
STEWART, J.
This appeal arises out of the trial court's involuntary dismissal of defendant, Karla Lovell's rule to modify custody and to set child support. Mrs. Lovell not only appeals the dismissal of her rule, but also the trial court's assessment of all costs against her. For the reasons set forth herein, we affirm the judgment of the trial court denying the rule for modification of custody and assessing Mrs. Lovell with all costs. However, we reverse the judgment of the trial court insofar as it denies Mrs. Lovell's request for a determination of child support, and remand the matter to the trial court for further proceedings.

FACTS
John Arbuckle and Karla Lovell (formerly Arbuckle) were married on September 18, 1987, in Logansport, Louisiana, where they resided as husband and wife until approximately March of 1999, when Mrs. Lovell moved out of the matrimonial domicile. The parties had one minor child, Krysta Dawn Arbuckle, born on June 17, 1993.
On March 18, 1999, Mr. Arbuckle filed a petition for divorce and incidental relief including a request that the parties be granted joint custody of their minor daughter, with him being designated the domiciliary parent. Mrs. Lovell responded with a reconventional demand that she be awarded sole custody of the minor child subject to visitation rights in favor of Mr. Arbuckle. Mrs. Lovell also made a request for child support.
The parties subsequently stipulated to joint custody, the exercise of which was to be governed by the oral stipulation order entered June 23, 1999, and the Joint Custody Implementation Order signed by the trial court on August 8, 1999. According to the order, Mr. Arbuckle was appointed the child's primary domiciliary parent, and the child was to reside primarily with him *1121 subject generally to the following custodial periods awarded to Mrs. Lovell:
1. Three weekends out of every month;
2. Mother's Day, half of the Christmas holidays, and every other Easter and Thanksgiving holiday.
3. Thirty (30) days during the summer.
Through new counsel, Mrs. Lovell subsequently filed a motion for new trial alleging that among other things she entered into the stipulation set forth above because her former attorney had informed her that her co-habitation with her then "fiancee," Larry Glynn Lovell, would prevent her from obtaining domiciliary parent status. The motion for new trial was denied on August 26, 2002, and no further review of that initial award of custody was made by either party.
The parties were subsequently divorced by judgment rendered on September 23, 1999. A marriage license was issued on September 27, 1999, to Ms. Lovell, and she married Mr. Lovell in Carthage, Texas on October 2, 1999. On October 25, 1999, Mrs. Lovell filed a rule to change custody alleging, among other things, that her marriage to Mr. Lovell and her establishment of a permanent residence in Logansport justified the change. On November 8, 1999, the parties entered into a stipulated judgment whereby the joint custody was modified to designate both Mrs. Lovell and Mr. Arbuckle as co-domiciliary parents and to prohibit either parent from moving the child's residence from DeSoto Parish. The physical custody of the minor child was to be shared as follows:
Mrs. Lovell:
1. During the school year she would have the minor child from Sunday evening until Friday after school let out every week; and,
2. During the summer she would have the minor child every other week.
Mr. Arbuckle:
1. During the school year he would have the minor child every weekend from Friday after school let out until Sunday evening; and,
2. During the summer he would have the minor child every other week.
The parties were to alternate physical custody of the minor child for major holidays.
The consent judgment provided that "neither parent may remove the residence of the minor child from Desoto Parish, Louisiana." There was no specific award of child support although the judgment did provide that the parties had a mutual obligation to provide support for the care and maintenance of the minor child and that each was to provide hospitalization insurance through their employer if such was available to them.
On June 6, 2000, Mrs. Lovell filed a rule to change the visitation set forth in the January 5, 2000, judgment, to establish child support, and for the issuance of an income assignment order to collect the child support. On July 11, 2000, Mr. Arbuckle filed an answer generally denying Mrs. Lovell's allegations and making a reconventional demand that the court revert back to the original custody decree of March 18, 1999, wherein he was designated the domiciliary parent. The court minutes reflect that these matters came for hearing on July 20, 2000, and a stipulated interim order was entered ordering the child's return to Louisiana and ordering the child to attend the Logansport school. The order also granted Mrs. Lovell visitation one weekend a month which seems to imply that her primary residence was to be with her father. This record *1122 reflects that this interim order was never formalized in a judgment.
On July 2, 2001, Mrs. Lovell filed yet another Rule to Change Custody. She alleged that the parties had extra-judicially modified the effective custody award in that the minor child is primarily residing with her mother and, therefore, she should be made the primary domiciliary parent. She also requested that child support be set and that she be allowed to relocate to Carthage, Texas.
After the initial hearing, the court appointed Dr. Mark Vigen as an expert and ordered the parties to be evaluated by him. The hearing on the rule for custody was subsequently tried on February 20, 2002. At the trial, the court considered the testimony of Mrs. Lovell and Dr. Vigen.
Mrs. Lovell testified that sometime after the January 5, 2000, judgment was signed, she took the minor child out of her school and placed her in a Carthage school without prior authorization from the trial court or Mr. Lovell. This action led to the subsequent order of the court in July mandating the return of the child to Louisiana and to her Logansport school. Mrs. Lovell testified that thereafter the minor child resumed attendance at her Logansport school, but continued to live in Carthage contrary to the trial court's order. Mrs. Lovell claimed she filed for the change because it was too tiring to have to drive the minor child 30 miles to school every day and that residing in Carthage also impacted the minor child's ability to participate in after school activities. Mrs. Lovell never testified about having made any extra-judicial agreement with Mr. Arbuckle regarding her maintaining the child's residence in Carthage after the trial court ordered her return to Louisiana. Apart from the travel required to take the child to and from school, Mrs. Lovell gave no other reasons why a move to Carthage was in the best interest of the minor child other than the fact that Mrs. Lovell and Mr. Lovell owned a home there.
Dr. Vigen likewise testified that it would be in the best interest of the minor child to be enrolled in school in Carthage because of the concerns associated with having to travel 30 miles to and from school every day. Dr. Vigen enumerated the various impacts which could result, including potential tardiness at school, safety concerns, impact on social life, etc. Dr. Vigen seemed to operate from the premise that the minor child would reside in Carthage, one of the issues being litigated before the trial court. He gave no specific reasons why the best interests of the child were served by allowing Mrs. Lovell to permanently remove the child's residence to Carthage or why Mrs. Lovell should be designated the primary domiciliary parent.

DISCUSSION
Appellant has urged three separate errors on appeal:
1. That the trial court erred in not allowing Mrs. Lovell to transfer the minor child to a school in Carthage, Texas;
2. That the trial court erred in denying child support by dismissing Mrs. Lovell's rule for same; and,
3. That the trial court erred in assessing Mrs. Lovell with all costs.

Assignment of Error Number 1:
Mrs. Lovell argues that the trial court erred in not allowing the transfer of the minor child from Logansport Elementary to Libbey Elementary in Carthage, Texas. She suggests that her burden was to show only that the move was in the best interest of the minor child. She cited cases which hold that in order to obtain a *1123 change in a visitation schedule, a parent need only show that the requested change is in the best interest of the child. See Acklin v. Acklin, 29,193 (La.App.2d Cir.2/26/97), 690 So.2d 869; Reynier v. Reynier, 545 So.2d 663 (La.App. 5th Cir. 1989); and, Mosely v. Mosely, 499 So.2d 106 (La.App. 1st Cir.1986). She also cited the evidence in the record regarding the proffered benefits of allowing the minor child to attend school in Carthage, Texas.
This assignment of error is without merit. Mrs. Lovell's July 2, 2001, rule is clearly entitled a "Rule to Change Custody" and seeks two things in regards to custody: (1) that Mrs. Lovell be designated the domiciliary parent, an integral element of any joint custody award; and (2) that she be allowed to relocate the child's residence to Carthage, Texas. Therefore, her assertions regarding the burden of proof applicable in an action to modify visitation are inapplicable to this case.
The party seeking modification of a stipulated custody decree has the burden of proving a change in circumstances materially affecting the welfare of the child and that the proposed change would be in the best interest of the child. Masters v. Masters, 33,438 (La.App.2d Cir.4/5/00), 756 So.2d 1196 and Miller v. Miller, 32,506 (La.App.2d Cir.6/16/99), 743 So.2d 221. The trial court is vested with vast discretion in matters of child custody and visitation, and its determination is entitled to great weight and will not be disturbed on appeal unless a clear showing of abuse of its discretion is made. Shaw v. Shaw, 30,613 (La.App.2d Cir.6/24/98), 714 So.2d 906.
The court is to consider the following factors set forth in La. R.S. 9:355.12 in determining whether to allow a parent to relocate with a minor child:
(1) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the non-relocating parent, siblings, and other significant persons in the child's life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving the relationship between the non-relocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child's preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the non-relocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) Any other factors affecting the best interest of the child.
After reviewing the record in its entirety, we believe the trial court was correct in finding that neither the change in custody, nor the relocation burdens had been met. The only change of circumstances which was alleged was that Mrs. Lovell had moved to Carthage since the last award of custody and had taken the minor child with her. We believe it would be counter-intuitive to allow a parent to take an action such as relocating without court approval *1124 and in direct contravention of one of the court's prior orders, and then allow the parent to use that very action as the basis for seeking judicial approval of their relocation and a change in custody. Furthermore, all the evidence presented at the hearing as to the detrimental effects of the current arrangement on the child's welfare result from Mrs. Lovell's relocation. If the child has to travel 30 miles to school thereby raising issues of the child's safety, tardiness, and limited extracurricular schedule, these effects all result from her mother's violation of the January 5, 2001, judgment in moving to Carthage. Mrs. Lovell presented no other evidence to satisfy her burden of showing that the "proposed" relocation was in the child's best interest. All of Mrs. Lovell's evidence presumed the relocation to have already taken place, and while that may de facto be the case, the trial court was not obligated to accept Mrs. Lovell's unapproved move as a premise. Accordingly, the trial court did not err in dismissing Mrs. Lovell's rule to change custody or to relocate.

Assignment of Error Number 2:
Mrs. Lovell also assigns error to the trial court's dismissal of her request for child support to be set. While the trial court did not so specifically state, it does appear from the record that the court was dismissing the rule in its entirety thereby denying Mrs. Lovell's request for child support.
In reviewing the record, this court notes that child support has never been set in accordance with the mandatory language of the child support guidelines. La. R.S. 9:315.1(A) and Stogner v. Stogner, XXXX-XXXX (La.7/7/99), 739 So.2d 762. The only reference to support is made in the January 5, 2000, judgment as follows:
IT IS FURTHER ORDERED ADJUDGED AND DECREED that each parent has a mutual obligation of providing support for the care and maintenance of the minor child, Krysta Dawn Arbuckle, and each parent shall provide hospitalization insurance if available through their employment.
Mr. Arbuckle argues that this provided for the manner in which the parties were to provide support for the minor child. The language quoted above, however, does not provide a very solid foundation for that assertion. To the contrary, the order seems to simply be a restatement of the general obligation that parents have to support and maintain their children set forth in La. C.C. art. 227. The judgment does not set forth who is responsible for what expenses or in what proportion the parties are to share the expenses incurred for the care, maintenance and education of the minor child. Lastly, even if we were to agree with Mr. Arbuckle's assertion that the judgment requires each party to pay the expenses of the child while she is with that parent and assumes those expenses would be about equal, such an approach ignores the fact that the Louisiana child support guidelines are based on an income ratio formula and not on the ratio of expenses to be borne by each party. As a stipulation on child support, the judgment would have been a deviation from the guidelines requiring that the court give oral or written reasons for the deviation. La. R.S. 9:315.1(B).
Presumably the purpose of the argument that the January 5, 2000, judgment was an initial fixing of child support is that Mrs. Lovell would then be obligated to prove a change in circumstances to warrant a modification. La. R.S. 9:311. While we have serious reservations about considering the January 5, 2000, judgment as one setting child support, we find that a decision on that issue is ultimately without effect on the appropriate outcome. As was the case in Stogner, supra, even if the *1125 judgment did set child support, the judgment was fundamentally flawed in its failure to follow the guidelines or, in the alternative, flawed in the trial court's failure to state reasons for a deviation therefrom. Consequently, such a judgment should not be used as a basis to deny Mrs. Lovell a modification. Stogner, at 769.
Since the record is devoid of any evidence which would have allowed the trial court to conclude under the guidelines that no support was due Mrs. Lovell, we cannot find that the trial court was correct in denying her child support. We therefore reverse the trial court's dismissal of Mrs. Lovell's claim for child support and remand the matter to the trial court for a determination under the guidelines of the appropriate amount of child support, if any, due Mrs. Lovell.

Assignment of Error Number 3:
Mrs. Lovell has also assigned error to the trial court's assessment of all costs against her, including the costs of the evaluation performed by the court-appointed expert, Dr. Vigen. The assessment of court costs is a matter in which the trial court is given great discretion and one which should not be disturbed absent manifest error. La. C.C.P. art.1920 and Hunter v. Bossier Medical Center, 31,026 (La. App.2d Cir.9/25/98), 718 So.2d 636. The trial court is likewise afforded that discretion in assessing the costs of a custody evaluation by a court-appointed expert. La. R.S. 9:331(A).
In assigning error to this particular action of the trial court, Mrs. Lovell merely stated that "it is not equitable under the circumstances set forth above that Mrs. Lovell bear any, much less all, of these costs." We respectfully disagree. The record indicates that Mrs. Lovell has in fact pursued her own agenda as regards to the custody of the minor child in this matter with little or no regard for the orders rendered by the trial court. This latest request to modify the custody arrangement appears to have been made with little justification regarding the best interest of the child. On the other hand, the record indicates that it is an attempt to have the trial court approve actions she has taken in defiance of court orders (moving the child to Carthage) and to permit her to take others which she has been unable to unilaterally take on her own (changing the child's school). Under these circumstances, we see no error in the trial court's assessment of costs against Mrs. Lovell.

CONCLUSION
For the foregoing reasons, we reverse the trial court's denial of Mrs. Lovell's rule to set child support, and we remand the matter for a proper determination of child support in accordance with the Louisiana child support guidelines. The judgment is affirmed in all other respects. Costs are assessed to Karla Gonzales Arbuckle.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.