BONIN, J.,
Concurs With Reasons.
1,1 respectfully concur in the result.
The trial court previously determined from clear and convincing evidence that the best interest of this young man, now 15 years old, was served by the award of sole custody to his father. La. C.C. art. 132; see also Leard v. Schenker, 05-1125 (La.App. 4 Cir. 3/22/06), 930 So.2d 75.
I write separately to highlight La. C.C. art. 136 A which provides:
A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights, unless the court finds, after a hearing, that visitation would not be in the best interest of the child.
The factors for determining the best interest of the child are set forth in La. C.C. *1157 art. 134. These factors are applicable to the determination of visitation as well as custody, but in the context of the appropriate proceeding. See, e.g., Acklin v. Acklin, 29, 193 (La.App. 2 Cir. 2/26/97), 690 So.2d 869.
In matters of visitation, the trial court is vested with much discretion, and we will not disturb its findings absent an abuse of discretion. Pendergrass v. Pendergrass, 94-1165 (La.App. 4th Cir.1996), 667 So.2d 1213, 1217. Here the trial judge lifted the requirement that the mother’s exercise of her visitation rights be supervised, but at the same time temporarily suspended the exercise of |2visitation (other than telephonic contact) by her conditioned upon her obtaining “cognitive behavioral therapy” by a designated psychologist.
Moreover, the trial judge was intent on rebuilding the mother-son relationship. During the hearing the mother had given some limited acknowledgement, short of a full appreciation, that persistent litigation with her son’s father (with its concomitant subjection of the young man to psychological probing which he detested) and forced visitation with her teenage son could be counter-productive to such a rebuilding. This young man clearly expressed his preference that he did not want further visitation with his mother and the trial court may consider his preference when deciding whether to deny or limit visitation rights of a noncustodial parent. See La. C.C. art. 134(9) (listing among the factors that the trial court can consider in determining the best interest of the child: “[t]he reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.”) See also Maxwell v. LeBlanc, 82-1801 (La.1983), 434 So.2d 375, 378. Considering that the judgment only ordered a conditional suspension of her visitation rights, the mother, it seems to me, should have prudently returned to the district court to show her compliance with the reasonable requirements of the judgment instead of submitting the resolution of her motion to modify visitation to the unavoidable delays of the appellate process, which have already exceeded the period of the temporary suspension.
Turning now to the father’s assertion that he has no legal affirmative duty to facilitate the relationship between his son and the mother. I agree that there is no such duty which could justify condemning him to pay for the mother’s treatment. While he may not be affirmatively required to “facilitate” the mother-son relationship, we are reminded that he is obliged not to interfere with it unless for good cause. La. C.C. art. 136.1 provides:
| a A child has a right to time with both parents. Accordingly, when a court ordered schedule of visitation, custody, or time to be spent with a child has been entered, a parent shall exercise his rights to the child in accordance with the schedule unless good cause is shown. Neither parent shall interfere with the visitation, custody or time rights of the other unless good cause is shown, (emphasis added.)
I also agree the trial court erred in ordering him to pay for Ms. Leard’s six months of therapy. The trial court did not express legal authority for this order and I have found none. The court may order one party to pay the costs of a mental health evaluation of the other party for use at a visitation proceeding. La. R.S. 9:331 A. This provision, however, does not extend to ordering the costs of one party’s treatment to be paid by the other. These costs might be countenanced had they been considered in an award of support for the young man himself, see generally La. C.C. arts. 141, 227, or as part of a determination of final or interim spousal support, see La. C.C. art. 112 et seq. The father, *1158 however, has sole custody of the young man and was never married to the mother. Accordingly, I agree that there is no legal basis upon which the trial court may assess the costs of the mother’s court-mandated therapy to the father.
I,therefore, concur.