STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CU 0961 & 2019 CW 0919

JOHNATHAN HEATH CARPENTER

VERSUS

ERIN MARIE McDONALD

Judgment Rendered: **NOV 1 5 2019**

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Trial Court No. 41,308

Honorable Kathryn E. Jones, Judge Presiding

* * * * *

| | |
|---|---|
| Erin Marie McDonald<br>Dubach, LA | Appellant,<br>In Proper Person |
| Charles E. Griffin, II<br>St. Francisville, LA | Attorney for Appellee,<br>Angela Biscomb |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

*Penzato, J., Concurs*

**HIGGINBOTHAM, J.**

In this child custody matter, the mother of the minor children, who are in the custody of their paternal grandmother, is appealing a judgment denying her motion to set visitation.

### FACTS AND PROCEDURAL HISTORY

Jonathan Carpenter and Erin McDonald were married in 2004, and of the marriage, two children were born: A.T.C. born on December 19, 2006, and J.W.C. born on April 24, 2009. In 2011, divorce proceedings were instituted, and each parent sought sole custody of the children. A custody trial was held on September 12 and 26, 2011, after which the trial court awarded joint custody to Ms. McDonald and Mr. Carpenter, but expressed its opinion that neither party was suitable, and it would have preferred to award custody to a third party. Therefore, quickly after trial, Angela Biscomb, Mr. Carpenter's mother, sought custody of the children. Following a hearing on November 28, 2011, the trial court rendered judgment awarding Mrs. Biscomb sole custody of the children with each parent to have reasonable visitation. That judgment was affirmed by this court in **Carpenter v. McDonald**, 2012-1460 (La. App. 1st Cir. 2/13/13) 2013 WL 557020 (unpublished).

In June 2014, Mrs. Biscomb filed a motion to transfer custody of the children to Mr. Carpenter, and Ms. McDonald intervened in those proceedings. After a hearing on August 11, 2014, Mr. Carpenter and Ms. McDonald were awarded joint custody of the children. However, shortly after the hearing, Mrs. Biscomb filed a petition to intervene for custody requesting that she again be awarded sole custody of the children. In her petition, Mrs. Biscomb set forth several allegations against Mr. Carpenter and Ms. McDonald and stated that she believed that the children were in danger. Specifically, Mrs. Biscomb alleged that within weeks of the trial court's ruling, Mr. Carpenter brought the children back to live with her, he never enrolled them in school, and the children were fearful of him. Further, she alleged that while

2

she was sleeping, Mr. Carpenter took the children from her home, and he brought them to Ms. McDonald who would not allow Mrs. Biscomb to have any contact with the children. In a judgment signed on April 20, 2015, Mrs. Biscomb was again awarded sole custody of the children with reasonable supervised visitation for Mr. Carpenter and Ms. McDonald.

On January 26, 2017, Mrs. Biscomb filed a motion to modify the April 20, 2015 judgment. In her motion, Mrs. Biscomb sought a temporary and permanent injunction preventing Mr. Carpenter and Ms. McDonald from harming, harassing, contacting, or stalking herself, her husband or the children. She also requested that their parental rights be terminated or in the alternative, that Mr. Carpenter and Ms. McDonald's supervised visitation be suspended until they complete a psychological evaluation and appropriate counseling. The trial court signed a temporary restraining order that day. After the hearing on Mrs. Biscomb's motion, the trial court signed a judgment on April 10, 2017, which granted an injunction prohibiting Mr. Carpenter and Ms. McDonald from harming, harassing, contacting, or stalking Mrs. Biscomb, her husband or the children. The judgment also suspended all visitation and contact between Ms. McDonald and the children until she completed "a complete psychological evaluation with a licensed family psychologist and completed whatever treatment and counseling is recommended by that physician." Additionally, the judgment required Ms. McDonald to prove a material change in circumstances before any contact or visitation with the children is set in her favor.

After the hearing, Ms. McDonald filed a notice of intention to file for supervisory writs, which this court granted for the limited purpose of remanding this matter to the trial court with instructions to grant Ms. McDonald an appeal of the April 10, 2017 judgment. Ms. McDonald's motion and order to appeal the April 10, 2017 judgment was fax-filed on November 7, 2017, however, the record does not contain the original as required by La. R.S. 13:850(B), and the motion was not

3

signed. On June 3, 2017, the trial court signed an order pursuant to the April 10, 2017 judgment, stating that "Dr. [Charles] Burchell is approved by the court to submit findings, reports or recommendations, from a completed complete psychological evaluation or treatment of [Ms.] McDonald."

Thereafter, on June 1, 2018, Ms. McDonald filed a rule to set visitation stating that she had completed a psychological evaluation as well as treatment and requesting that she be awarded visitation with her children. In response, Mrs. Biscomb filed a motion to dismiss Ms. McDonald's rule and a motion for sanctions contending that Ms. McDonald's action was premature because she failed to comply with the April 10, 2017 judgment and June 3, 2017 order, which required a complete psychological evaluation by Dr. Burchell in order for her to seek visitation. Ms. McDonald's rule came before the trial court on April 1, 2019. On that day, the trial court rendered judgment dismissing Ms. McDonald's rule for visitation and denying Mrs. Biscomb's request for sanctions.

On May 13, 2019, Ms. McDonald filed a notice and order of appeal seeking an appeal from several judgments of the trial court including judgments from January 26, 2017, April 10, 2017, November 21, 2018[1], and April 1, 2019. However, in the order for appeal, the trial court struck through each judgment other than Ms. McDonald's request to appeal the judgment rendered on April 1, 2019.[2]

Subsequently, Ms. McDonald also filed a writ application with this court on July 15, 2019, contending that the trial court erred in restricting her appeal to the April 1, 2019 judgment. On September 3, 2019, a panel of this court referred Ms.

---

[1] The only document in the record dated November 21, 2018 is an order setting Mrs. Biscomb's motion to dismiss for a hearing. Therefore, we assume that is the order Ms. McDonald is referring to in her order of appeal. Ms. McDonald does not reference a November 21, 2018 judgment in her brief.

[2] The judgment was signed on April 8, 2019; however, the notice of appeal referred to the judgment by the date it was rendered rather than signed.

4

McDonald's writ application to this panel considering the appeal. **Carpenter v. McDonald**, 2019 CW 0919 (La. App. 1st Cir. 9/3/19).

## LAW AND ANALYSIS

### I.  Reviewable Judgments

In her brief, Ms. McDonald raises several assignments of error related to judgments other than the April 1, 2019 judgment from which she appealed. Additionally, in Ms. McDonald's writ application, she argues that the trial court impermissibly restricted the issues to be presented on appeal to the April 1, 2019 judgment. Thus, we must first determine what judgments are properly before us for review.

Ms. McDonald contends that she is entitled to review of prior judgments signed in this matter because the judgments are interlocutory rulings reviewable on appeal of a final judgment. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of the action, and a final judgment determines the merits of a controversy in whole or in part. La. Code Civ. P. art. 1841. Ms. McDonald is correct that an interlocutory judgment may itself not be appealable, but it is nevertheless subject to review on appeal when a final, appealable judgment has been rendered in the case. See **Judson v. Davis**, 2004-1699 (La. App. 1st Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La. 2/10/06), 924 So.2d 167. However, the additional judgments Ms. McDonald references in her brief and writ application are either final judgments or interlocutory judgments that were rendered pending custody judgments that are now final.[3]

An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within thirty days from the expiration of the delay for

---

[3] Pursuant to La. Code Civ. P. art. 2083, an interim interlocutory order would only be appealable through the ordinary appeal process if it caused irreparable injury. A provisional custody award, which is made pending the full trial on the merits, does not cause irreparable injury. The recourse of the party who objects to such an interim order is to seek an immediate trial of his rule for custody. **Trettin v. Trettin**, 37,260 (La. App. 2d Cir. 3/17/03), 839 So.2d 1272, 1276.

5

applying for a new trial, if none is filed, or from the date of notice of the court's action on a motion for new trial. See La. Code Civ. P. arts. 3942, 3943, and 2087(A).[4] The judgments referred to by Ms. McDonald, other than the April 1, 2019 judgment, are final judgments or interlocutory judgments rendered pending judgments that are now final, the most recent being an April 10, 2017 custody judgment. Each of the judgments she referenced were not timely appealed in accordance with Articles 3942, 3943 and 2087(A). Therefore, the only judgment that is before us on appeal is the April 1, 2019 judgment denying Ms. McDonald's request for visitation.

## II. Visitation

A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child. La. Civ. Code art. 136. The right of visitation is not without its limitations, and the "rights of any parent are always

---

[4] Louisiana Code Civ. P. art. 3942 provides:

> A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A).
> B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.

Louisiana Code Civ. P. art. 3943 provides:

> An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.

Louisiana Code Civ. P. art. 2087(A) provides:

> Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

subservient to the best interests of the child." **Maxwell v. LeBlanc**, 434 So.2d 375, 377 (La. 1983). Visitation is not strictly a "species of custody" and, instead, has an independent basis in the Civil Code. La. Civ. Code art. 136, Revision Comments 1993(b). Generally, because a change in visitation rights is not as substantial as a change in actual physical custody, proof of a change of circumstances is not required and a showing that the change in visitation is in the best interest of the child is sufficient. See **Mosely v. Mosely**, 499 So.2d 106, 109 (La. App. 1st Cir. 1986), writ denied, 505 So.2d 1138 (La. 1987). However, in this matter, the trial court previously made a finding, after a lengthy trial, that visitation was not in the best interest of the children, and in the April 10, 2017 judgment, ordered Ms. McDonald to prove a material change in circumstances before any contact or visitation is awarded in her favor.

As previously pointed out, Ms. McDonald filed a "Rule to Set Visitation" on June 1, 2018. In her rule, she stated that she completed the psychological evaluation as ordered in the April 10, 2017 custody judgment and requested that visitation with the children be set. Mrs. Biscomb filed a "Motion to Dismiss and for Sanctions" contending that Ms. McDonald's rule was premature because she failed to comply with the April 10, 2017 judgment, and the June 3, 2017 order, which required a complete psychological evaluation by Dr. Burchell in order for her to seek visitation. Ms. McDonald responded to Mrs. Biscomb's motion to dismiss contending that she believed she had completed all requirements ordered by the trial court to exercise supervised visitation of her children. Specifically, Ms. McDonald stated that psychological counseling had been completed by Dr. Burchell and recommended treatment was performed by Dr. Valaray J. Irvin.

Nearly two years after judgment was rendered denying Ms. McDonald supervised visitation, on April 1, 2019, Ms. McDonald's rule and Mrs. Biscomb's motion came before the trial court for a hearing. On that day, the trial court heard

7

only arguments from counsel, and no testimony was given nor documents introduced. After brief arguments from counsel, the trial court stated that "there is nothing that has been put before this Court for me to even consider giving Ms. McDonald any visitation with her children." The trial court then dismissed Ms. McDonald's rule with prejudice. Further, in written reasons for judgment, the trial court found "[n]o evidence establishing a material change in circumstances since the last ruling in this matter was presented for [the] Court's consideration." In brief, Ms. McDonald states that "licensed psychologists were subpoenaed, and did appear at court to testify but were not heard." However, that was not apparent in the record.

The trial court dismissed Ms. McDonald's motion without hearing any testimony or considering any documentary evidence. Our review of the record did not reveal why Ms. McDonald's rule to set visitation was dismissed for lack of evidence before Ms. McDonald called any witnesses.[5] While we are aware that the trial court is very familiar with the parties in this matter, there was no evidence in the record for this court to even consider whether the trial court erred in finding that visitation was not in the best interest of the children. Because continuing to award no visitation, even supervised, to a biological parent is an extremely harsh result, and the record is unclear regarding why no evidence was introduced, we find the most equitable solution is to remand this matter to the trial court for a full evidentiary hearing to determine if Ms. McDonald can prove both a material change in circumstances in conformance with the April 10, 2017 judgment, and that visitation with her is in the best interest of the children. See La. Code Civ. P. art. 2164.

---

[5] In Mrs. Biscomb's motion to dismiss Ms. McDonald's rule for visitation, she contends that Ms. McDonald's rule was premature, however, the motion was not titled as an exception of prematurity. Additionally, neither the judgment nor the reasons for judgment indicate that Ms. McDonald's rule was dismissed on an exception of prematurity. However, we note that Ms. McDonald's motion was not premature under **Babcock v. Martin**, 2016-0073 (La. App. 1st Cir. 9/16/16), 2016 WL 4973229 (unpublished) wherein this court, considering an exception of prematurity in a custody case, determined that the trial court legally erred in conflating court-ordered conditions regarding seeing a certain doctor with the existence of an available administrative remedy.

## CONCLUSION

For the foregoing reasons, we deny Ms. McDonald's July 15, 2019 writ application, we reverse the judgment of the trial court dismissing Ms. McDonald's rule, and we remand the matter to the trial court for a full hearing to determine whether visitation is in the best interest of the children. All costs of this proceeding are to be divided between appellant, Ms. Erin McDonald and appellee, Mrs. Angela Biscomb.

**WRIT DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.**